Steven J. Nataupsky (CA SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (CA SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew Bellinger (CA SBN 222228)
matt.bellinger@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEASTUP LLC, a California limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, UNFAIR COMPETITION, AND CANCELLATION OF TRADEMARK REGISTRATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Monster Energy Company ("Plaintiff" or "Monster") hereby complains of Defendant Beastup LLC ("Defendant"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action for: 1) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a); 2) trademark infringement under 15 U.S.C. § 1114; 3) trademark dilution under 15 U.S.C. § 1125(c); 4) cancellation of U.S. Trademark Registration No. 4,584,629 pursuant to 15 U.S.C. § 1119; 5) unfair competition arising under California Business & Professions Code § 17200 *et seq*.; and 6) California common law unfair competition.

2. The Court has original subject matter jurisdiction over the claims relating to trademark infringement, trademark dilution, false designation of origin, and cancellation of Defendant's trademark registration pursuant to 15 U.S.C. §§ 1116 and/or 1121(a). The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this Judicial District and within California. Defendant's headquarters are located in Red Bluff, California. Defendant has also committed acts of trademark infringement, trademark dilution, false designation of origin, and unfair competition in this Judicial District, including, but not limited to, by using infringing marks in connection with the advertisement, marketing, and promotion of products to customers in this Judicial District, and Defendant's acts form a substantial part of the events or omissions giving rise to Monster's claims.

**Complaint**

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

## II.  THE PARTIES

5.     Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

6.     Upon information and belief, Beastup LLC is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1235 Jefferson Street, Red Bluff, California 96080.

## III.  COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.     Monster's Trademarks

7.     Monster is a nationwide leader in the business of developing, marketing, selling, and distributing ready-to-drink beverages, including energy drinks.

8.     In 2002, prior to Defendant's acts described herein, Monster launched its MONSTER ENERGY® drink brand, bearing its now-famous $\text{\Psi}$ ® mark ("Claw Icon Mark") and UNLEASH THE BEAST!® mark.  Images of Monster's original MONSTER ENERGY® drink, which Monster has sold continuously since 2002, are shown below.



9.     Monster's successful line of MONSTER<sup>TM</sup> drinks has grown to include numerous other well-known products, the containers and packaging of which are marked with the Claw Icon Mark.  Representative images showing some of the products in the MONSTER<sup>TM</sup> line of drinks, which all prominently display the Claw Icon Mark, are shown below.



10.   Monster's UNLEASH THE BEAST!® mark, in addition to appearing on the original MONSTER ENERGY® drink container, has also continuously appeared on the container of the Lo-Carb MONSTER ENERGY® drink since that

product was launched in 2003. The original MONSTER ENERGY® and Lo-Carb MONSTER ENERGY® drinks are the two best-selling drinks in the MONSTER™ line of drinks.

11. In addition to the UNLEASH THE BEAST!® mark, Monster has used other marks containing the term BEAST ("BEAST-inclusive marks") in connection with its MONSTER™ line of beverages. For example, in 2009, Monster launched its MONSTER ENERGY EXTRA STRENGTH NITROUS TECHNOLOGY® line of drinks and has continuously used the UNLEASH THE NITRO BEAST!® mark in connection with this line of drinks. An image of one of the MONSTER ENERGY EXTRA STRENGTH NITROUS TECHNOLOGY® drinks is shown below.



12. Other BEAST-inclusive marks that Monster uses include, but are not limited to, REHAB THE BEAST!® and REHAB THE BEAST!

**Complaint**

WWW.MONSTERENERGY.COM®, which Monster has continuously used in connection with its MONSTER REHAB® line of drinks since at least as early as 2011, UNLEASH THE ULTRA BEAST!®, which Monster has continuously used in connection with its MONSTER ENERGY® ULTRA line of drinks since at least as early as 2012, and PUMP UP THE BEAST!®, which Monster has continuously used in connection with its MUSCLE MONSTER® line of energy shakes since at least as early as 2013.

13. Monster is the owner of numerous trademark registrations incorporating its famous Claw Icon Mark and for its BEAST-inclusive marks. Monster's U.S. Trademark Registrations for its Claw Icon Mark include the following:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
|  | 2,903,214 | Drinks, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated and non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 11/16/2004 |
|  | 3,434,821 | Nutritional supplements | 09/07/2007 | 05/27/2008 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 3,434,822 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/07/2007 | 05/27/2008 |
|  | 3,963,668 | Stickers; sticker kits comprising stickers and decals; decals; posters | 07/27/2010 | 05/17/2011 |
|  | 3,963,669 | All purpose sport bags; all-purpose carrying bags; backpacks; duffel bags | 07/28/2010 | 05/17/2011 |
|  | 4,011,301 | Sports helmets; video recordings featuring sports, extreme sports, and motor sports | 07/27/2010 | 08/16/2011 |
|  | 4,051,650 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies | 07/27/2010 | 11/08/2011 |
|  | 4,332,062 | Silicone wrist bands; Silicone bracelets; Jewelry, namely, bracelets and wristbands | 10/05/2012 | 05/07/2013 |

**Complaint**

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 3,134,841 | Beverages, namely, carbonated soft drinks, carbonated soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy and sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 08/29/2006 |
|  | 3,908,600 | Stickers; sticker kits comprising stickers and decals; decals | 04/02/2009 | 01/18/2011 |
|  | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies | 04/02/2009 | 01/18/2011 |
|  | 3,914,828 | Sports helmets | 04/02/2009 | 02/01/2011 |
|  | 3,923,683 | All purpose sport bags; All-purpose carrying bags; Backpacks; Duffle bags | 04/02/2009 | 02/22/2011 |

**Complaint**

14.     Attached hereto as Exhibits A1-A13 are true and correct copies of Monster's trademark registrations identified in Paragraph 13, which are incorporated herein by reference.

15.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 2,903,214; 3,134,841; 3,434,822; and 3,434,821 are incontestable.

16.     Monster is also the owner of incontestable U.S. Trademark Registration No. 2,769,364 for the mark UNLEASH THE BEAST!® for goods in International Class 32, including carbonated soft drinks and soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, which issued on September 30, 2003 and is based on an application filed in the United States Patent and Trademark Office ("USPTO") on December 18, 2002.  This trademark registration identifies a date of first use in commerce of April 16, 2002.  Monster is also the owner of U.S. Trademark Registration No. 4,975,822 for the mark UNLEASH THE BEAST!® for goods in International Class 25, including t-shirts, which issued on June 14, 2016 and is based on an application filed in the USPTO on March 7, 2014.  This trademark registration identifies a date of first use in commerce of 2002.

17.     Monster is also the owner of U.S. Trademark Registration No. 4,394,044 for the mark UNLEASH THE NITRO BEAST!® for goods in International Class 32, including energy drinks, which issued on August 27, 2013 and is based on an application filed in the USPTO on December 14, 2010.  This trademark registration identifies a date of first use in commerce of July 8, 2009.

18.     Attached hereto as Exhibits B1-B3 are true and correct copies of Monster's trademark registrations identified in Paragraphs 16 and 17, which are incorporated herein by reference.

19.     As a result of Monster's substantial and continuous use of its Claw Icon Mark and BEAST-inclusive marks, including the UNLEASH THE BEAST!®

and UNLEASH THE NITRO BEAST!® marks, Monster is also the owner of strong common-law rights in those marks.

20. Monster has and continues to widely market and promote the Claw Icon Mark and BEAST-inclusive marks by displaying the marks on billions of cans of its MONSTER™ line of drinks sold in the U.S. The MONSTER™ line of beverages has achieved substantial commercial success. Worldwide retail sales now exceed 3 billion cans per year, with estimated retail sales at approximately $6 billion per year worldwide. The MONSTER™ brand has established itself as the best-selling energy drink brand in the U.S. by unit volume and dollar value.

21. Monster's Claw Icon Mark and BEAST-inclusive marks are the subject of substantial and continuous marketing and promotion by Monster. Since 2002, Monster has spent over $4.3 billion dollars in advertising, promoting, and marketing its MONSTER™ brand, including its Claw Icon Mark and BEAST-inclusive marks. In 2016 alone, Monster spent $467 million dollars in advertising, promoting, and marketing its brand and marks.

22. Monster has distributed millions of point-of-sale marketing items bearing its Claw Icon Mark and/or BEAST-inclusive marks. These point-of-sale marketing items include, but are not limited to, case stackers, stickers, displays for shelves, suction cup racks and coolers. Below are true and accurate representative pictures illustrating examples of Monster's point-of-sale materials bearing Monster's Claw Icon Mark and BEAST-inclusive marks.

 

23. Monster also widely markets and promotes the Claw Icon Mark and BEAST-inclusive marks to consumers through clothing sales and giveaways. Since 2002, Monster has licensed, sold and/or given away clothing bearing its Claw Icon Mark and UNLEASH THE BEAST!® mark. Examples of clothing that has been licensed, sold, or given away by Monster bearing those marks are shown below.

 

24.    Monster's Claw Icon Mark and at least the UNLEASH THE BEAST!® mark have also received significant exposure in national publications. For example, the marks have been featured in *Fortune*, *Newsweek*, *Beverage World*, *Beverage Spectrum*, *Forbes* and/or *Business Week*, among other publications.

25.    Monster's Claw Icon Mark and BEAST-inclusive marks also receive extensive publicity and exposure through Monster's websites including its <www.monsterenergy.com> website and social media sites including Monster's Facebook, Twitter, Instagram and YouTube accounts.  As of June 2015, Monster's <www.monsterenergy.com> website was receiving over 50,000 visitors per day. Monster's Facebook page has over 25.7 million "likes."  Monster's Instagram page has over 4.2 million followers and Monster's Twitter page has over 3.3 million followers.   Monster's YouTube page has over 195 million views. Monster's Claw Icon Mark and BEAST-inclusive marks are displayed on these websites and social media sites.

26.    Monster also has and continues to widely market and promote its Claw Icon Mark and BEAST-inclusive marks through the sponsorship of athletes, athletic teams, and athletic competitions, as well as concerts and live events around the world.  Monster's Claw Icon Mark and/or BEAST-inclusive marks are also prominently displayed at live events sponsored by Monster, including through the use of promotional items.   Monster also frequently gives away products bearing its Claw Icon Mark and BEAST-inclusive marks to attendees at these events.

27.    A major part of Monster's brand promotion focuses on racing and motorsports.  Monster sponsors or has sponsored a wide variety of motorsport athletes, teams, and/or activities, including, but not limited to, NASCAR, Formula 1, MotoGP, Moto2, Supercross, motocross, MXGP, MX2, drag racing, drifting, flat track, off road, rally, rallycross, snowmobile, speedway, stunt, superbike, and

freestyle motocross.

28.    On January 1, 2017, Monster became the title sponsor of NASCAR's premier series (formerly called the NASCAR Sprint Cup Series), which is now called the Monster Energy® NASCAR Cup Series.    Monster also became the official energy drink of NASCAR.    NASCAR is the second most watched sport in the U.S., with over 5 million fans watching each of the 41 annual races.

29.    Monster also has sponsored and continues to sponsor numerous athletes that compete in various classes of NASCAR racing.    For example, in 2011, Monster began its sponsorship of NASCAR driver Kyle Busch, who holds several records in NASCAR racing and won the prestigious 2015 Sprint Cup Series, the top racing series of NASCAR.    In 2015 Kyle Busch earned his 75th Xfinity Series win at Kansas Speedway racing for Joe Gibbs Racing in the No. 54 MONSTER ENERGY® Toyota Camry.    In 2012, Monster added sponsorship of Kyle's older brother, Kurt Busch, who is also a NASCAR driver and winner of the 2010 All-Star Race and the 2004 Sprint Cup.    Monster also sponsors the Stewart Haas Racing team with its current driver Kurt Busch who drives the #41 Monster Energy/HAAS Automation Chevy.    The drivers' cars and racing gear prominently display the Claw Icon Mark as shown, for example, below.





30.    Monster also has been a long-time sponsor of Ricky Carmichael who transitioned from one of the world's greatest Supercross and Motocross racers to a NASCAR driver.  Carmichael prominently promotes Monster's Claw Icon Mark. Some examples of Monster's sponsorship of Carmichael are shown below.



31.     Monster also sponsors or has sponsored athletes and teams who compete in other truck and car racing events, including, but not limited to, SCORE Off-Road Racing events, the King of the Hammers desert racing event, and the Off-Road Championship event (TORC).  Monster sponsors or has sponsored the following teams that compete in truck and car racing events: the Mercedes AMG PETRONAS F1 Racing Team (formerly named the Mercedes GP Petronas Formula One Team) that competes in the FIA Formula One World Championship Series with its current team drivers 3-time Formula One World Champion, Lewis Hamilton and current Formula One World Champion, Nico Rosberg, the Holden Racing Team, and the MONSTER ENERGY® X-Raid racing team.  Together, Lewis Hamilton and Nico Rosberg won 19 of the 21 FIA Formula One races in 2016.  In addition, the Monster-sponsored Mercedes AMG PETRONAS F1 Racing Team previously included seven-time World Champion Michael Schumacher before Schumacher's retirement in 2012.  Some examples of Monster's sponsorships of athletes and teams who compete or have competed in car and truck racing events are shown below.





32.     In addition, Monster recently announced a global partnership with Lewis Hamilton, which is separate and in addition to Monster's sponsorship of the Mercedes AMG PETRONAS F1 Racing Team.  As part of the global partnership, Monster and Lewis Hamilton will be creating and releasing a signature drink together.

33.     Monster also sponsors or has sponsored motorcycle racing events, including the following: MotoGP motorcycle racing events (16-18 around the world per year including historically 1-2 in the U.S.), the Outdoor National Motocross Series, the X Games, the MONSTER ENERGY® AMA Supercross Series (as the title sponsor for 16 of the 17 series races each year since 2008), the MONSTER ENERGY® Speedway World Championship, Arenacross events, MX1 and MX2 FIM Motocross World Championships, the Motocross of Nations, the MX3 FIM Motocross World Championship, and the FIM MX Junior World Championship, among others.  Monster also sponsors teams that compete in motorcycle racing events including, for example, the ProCircuit Kawasaki Motocross/Supercross Team, the MONSTER ENERGY® Kawasaki Factory

Team, the Yamaha Factory MotoGP Team with its renowned racers Valentino Rossi (nine-time Grand Prix World Champion, with seven championships in the premier class) and Jorge Lorenzo (five-time Grand Prix World Champion, with two championships in the premier class), the MONSTER ENERGY® Yamaha Tech 3 MotoGP Team, the Yamaha MX1 Team, the Yamaha MX2 Team, and Team Babbitt's/Monster Energy/AMSOIL/Kawaski Arenacross team. Some examples of Monster's sponsorship of these events and teams are shown, for example, below.






 

34. Monster sponsored athletes also compete or have competed in Professional Bull Riding, the Kentucky Derby, Ultimate Fighting Championship ("UFC"), and the National Football League. Specifically, Monster has sponsored Victor Espinoza and American Pharoah, who won the American Triple Crown and the Breeder's Cup Classic in 2015. Monster also sponsors Rob Gronkowski, a professional football player who plays for the NFL's New England Patriots. In 2011, Gronkowski set NFL single-season records for touchdowns and receiving yards by a tight end and became the first tight end in NFL history to lead the conference in scoring. Additionally, Monster sponsors Daniel Cormier, Light Heavyweight Champion in the UFC, Ronda Rousey, former UFC women's Bantamweight Champion and Connor McGregor, current UFC Lightweight Champion and former UFC Featherweight Champion. Mr. McGregor is scheduled to box Floyd Mayweather is a mega-bout this Summer.

35. When competing, at public appearances, or both, the sponsored athletes and team members almost always wear clothing or use equipment that prominently displays the Claw Icon Mark. The sponsored athletes and team members are also frequently shown drinking MONSTER™ drinks, which bear the Claw Icon Mark and the majority of which bear at least one of Monster's BEAST-inclusive marks. The Claw Icon Mark is also prominently displayed at the event venues, as well as on the clothing, helmets, and/or bikes, trucks or cars of riders or

**Complaint**

teams sponsored by Monster. Through Monster's sponsorships, millions of consumers have been exposed to the Claw Icon Mark and BEAST-inclusive marks when they watch the athletes and teams compete at events—many of which are televised nationwide—or see the athletes at public appearances or in Internet postings and magazines.

36. Monster's Claw Icon Mark and UNLEASH THE BEAST!® mark were also marketed and promoted while prominently displayed on the Las Vegas monorail (the "Monster Train"). In 2003, Monster engaged in a massive advertising campaign in connection with its sponsorship of the Monster Train, which prominently featured the Claw Icon Mark and UNLEASH THE BEAST!® mark. The Monster Train was featured in *The Wall Street Journal*, *Time* and *USA Today* in 2003, and these articles were read by an estimated 32 million people in the U.S. Television and internet reports that discussed the Las Vegas Monster Train reached another 70 million readers, and television and radio promotions were circulated to approximately 36 million people in the U.S.

37. In addition to sponsoring professional athletes and teams, since at least 2004, Monster has operated the MONSTER ARMY™ amateur athlete development program. More than 376,000 amateur athletes in various sports have applied to be accepted as part of the program through the Monster Army website <www.monsterarmy.com>. Monster supports program members in many different ways, but such support often includes assistance with clothing, gear, training, and travel. Members typically wear clothing and gear which prominently display at least the Claw Icon Mark. Monster also provides athletes with hats, t-shirts, stickers, and/or embroidered patches bearing the Claw Icon Mark. The athletes will wear or apply these items to their sports equipment and gear used during competition.

38. As a result of Monster's substantial use and promotion of its Claw Icon Mark and BEAST-inclusive marks, the marks have acquired great value as

specific identifiers of Monster's products and services and serve to identify and distinguish the products and services from those of others. Customers in this Judicial District and elsewhere readily recognize Monster's Claw Icon Mark and BEAST-inclusive marks as distinctive designations of the origin of Monster's products, services, and promotional items. The Claw Icon Mark and BEAST-inclusive marks are intellectual property assets of enormous value as symbols of Monster and its quality products, services, reputation, and goodwill.

**B.** **Defendant's Infringing Activities**

39. Defendant is engaged in the business of producing, distributing, marketing, and/or selling energy drinks and other products. Defendant owns and operates the website <www.beastup.com> and maintains a variety of social media accounts including Facebook, Twitter, and Instagram.

40. Without permission or consent from Monster, Defendant has sold, offered to sell, and/or marketed energy drinks and related goods bearing claw logos that are confusingly similar to Monster's Claw Icon Mark ("the Accused Products"). Examples of some of the Accused Products and promotional materials for the Accused Products are shown below.







**Complaint**




41.     Specifically, Defendant is using claw logos in connection with its energy drink that are imitations of Monster's Claw Icon Mark.  For example, as shown in the image below, Defendant's BeastUp energy drink prominently displays two sets of jagged claw logos located near the top and bottom of the container, which are confusingly similar in appearance to Monster's Claw Icon Mark.



42. In addition to using claw logos that are confusingly similar to Monster's Claw Icon Mark, Defendant also uses the infringing claw logos in connection with the BEASTUP mark, which is confusingly similar to at least Monster's UNLEASH THE BEAST!® and UNLEASH THE NITRO BEAST!® marks and which further exacerbates the likelihood of confusion with Monster's products and marks. Monster has continuously used BEAST-inclusive marks, including UNLEASH THE BEAST!® and UNLEASH THE NITRO BEAST!®, in connection with the Claw Icon Mark prior to the acts of Defendant complained of herein.

43. Defendant sells the Accused Products through the same retail outlets that the MONSTER™ line of beverages are sold, including gas stations and convenience stores. Defendant has shown the Accused Products being sold next to Monster's products on Defendant's Facebook page, as reproduced below.

**Complaint**



44.     Defendant's Accused Products are energy drinks, travel in identical channels of trade, and are sold to identical customers as Monster's MONSTER™ line of energy drinks.

45.     Defendant is clearly aware of Monster and its valuable trademarks upon information and belief, was aware of Monster and its trademarks prior to committing the infringing acts complained of herein.  For example, in an attempt to further associate itself with Monster, Defendant has featured Monster's Claw Icon Mark on its social media accounts, as shown on Defendant's Facebook page reproduced below.



46.     Defendant also markets the Accused Products in ways that are the same as used by Monster to market the MONSTER™ line of drinks.   For example, Defendant markets the Accused Products through sponsorships involving motosports and cars, trucks, motorcycles, and other vehicles.   Some of Defendant's promotional activities are shown below.




**Complaint**







47. Without permission or consent from Monster, Defendant has infringed Monster's Claw Icon Mark, UNLEASH THE BEAST!®, and UNLEASH THE NITRO BEAST!® marks in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell the Accused Products using marks, including Defendant's claw logo marks and BEASTUP mark, that are confusingly similar to Monster's marks.

48. Upon information and belief, Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Defendant's

products and are intended to cause consumers and potential customers to believe that Defendant's business and the goods that it offers are associated with Monster or its MONSTER$^{TM}$ family of products or services, when they are not.

49. Indeed, Defendant has a duty to avoid confusion with Monster and its marks because Defendant entered the market after Monster. Nevertheless, Defendant has purposely sold, promoted, marketed, and/or distributed its products in a manner that causes a likelihood of confusion with Monster and its marks.

50. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Monster's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Monster's goods and services and Defendant's products, and has otherwise competed unfairly with Monster by unlawfully trading on and using Monster's marks without Monster's permission or consent.

51. Upon information and belief, Defendant's acts complained of herein are willful and deliberate.

52. Defendant's acts complained of herein have caused damage to Monster in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

53. Defendant's acts complained of herein have caused Monster to suffer irreparable injury to its business. Monster will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## IV.  FIRST CLAIM FOR RELIEF

**(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))**

54. Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-53 of this Complaint as though fully set forth herein.

55. This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

56. As a result of the widespread use and promotion of Monster's Claw Icon Mark and at least the UNLEASH THE BEAST!® and UNLEASH THE NITRO BEAST!® marks, the marks have acquired strong fame and secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the marks with Monster.

57. Defendant has infringed Monster's Claw Icon Mark and at least the UNLEASH THE BEAST!® and UNLEASH THE NITRO BEAST!® marks and created a false designation of origin, by using in commerce, without Monster's permission, claw designs and the BEASTUP mark in connection with the advertisement, offering for sale, sale, and/or distribution of Defendant's products, including energy drinks, stickers, and related goods.

58. Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Monster with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's products or Defendant's commercial activities, in violation of 15 U.S.C. § 1125(a).

59. Upon information and belief, Defendant did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products are associated with, sponsored by or approved by Monster, when they are not.

60. Upon information and belief, Defendant had actual knowledge of Monster's ownership and prior use of the Claw Icon Mark and UNLEASH THE BEAST!® and UNLEASH THE NITRO BEAST!® marks and, without the consent of Monster, willfully violated 15 U.S.C. § 1125(a).

61. Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

62. Defendant, by its actions, has irreparably injured Monster. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## V. SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

63. Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-62 of this Complaint as though fully set forth herein.

64. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

65. Monster owns valid and enforceable federally registered trademarks for the Claw Icon Mark and UNLEASH THE BEAST!® and UNLEASH THE NITRO BEAST!® marks, including at least the registrations listed in Paragraphs 13 and 16-17 above.

66. Defendant has used in commerce, without permission from Monster, a colorable imitation, and/or confusingly similar mark to Monster's Claw Icon Mark that is the subject of at least Monster's U.S. Trademark Registration Nos. 2,903,214, 3,434,821, 3,434,822, 3,963,668, 3,134,841, and 3,908,600 in connection with the advertising, marketing, and/or promoting of Defendant's products, including energy drinks, stickers, and related goods. Such use is likely to cause confusion or mistake, or to deceive.

67. Defendant has used in commerce, without permission from Monster, colorable imitations, and/or confusingly similar marks to Monster's UNLEASH THE BEAST!® and UNLEASH THE NITRO BEAST!® marks that are the subject of at least Monster's U.S. Trademark Registration Nos. 2,769,364 and 4,394,044 in connection with the advertising, marketing, and/or promoting of Defendant's products, including energy drinks, stickers, and related goods. Such use is likely to cause confusion or mistake, or to deceive.

68. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringements of Monster's registered marks, and Defendant did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by, Monster, when they are not.

69. Upon information and belief, Defendant had actual knowledge of Monster's ownership and prior use of the BEAST Marks and Claw Icon Mark, and has willfully violated 15 U.S.C. § 1114.

70. Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

71. Defendant, by its actions, has irreparably injured Monster. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VI. THIRD CLAIM FOR RELIEF

### (Trademark Dilution Under 15 U.S.C. § 1125(c))

72. Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-71 of this Complaint as though fully set forth herein.

73. This is an action for federal trademark dilution arising under 15 U.S.C. § 1125(c).

74. Products sold under Monster's Claw Icon Mark have been widely advertised, promoted, and distributed to the purchasing public throughout the U.S. and the world. By virtue of the wide renown acquired by Monster's Claw Icon Mark, coupled with the national and international distribution and extensive sale of various products distributed under the Claw Icon Mark, the Claw Icon Mark is famous and became so prior to Defendant's acts complained of herein.

**Complaint**

75.     Defendant's unauthorized and commercial use of its claw logo marks in connection with the advertisement, offering for sale, and sale of Defendant's BeastUp energy drink product and related goods has caused and is likely to continue to cause dilution of the distinctive quality of Monster's famous Claw Icon Mark.

76.     Defendant's acts are likely to tarnish, injure, or trade upon Monster's business, reputation or goodwill, and to deprive Monster of the ability to control the use of its Claw Icon Mark and quality of products associated herewith.

77.     Upon information and belief, Defendant's dilution has been willful and deliberate.

78.     Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

79.     Defendant, by its actions, has irreparably injured Monster. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VII.  FOURTH CLAIM FOR RELIEF

**(Petition for Cancellation of U.S. Trademark Registration No. 4,584,629)**

80.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-79 of this Complaint as though fully set forth herein.

81.     This is a claim for cancellation of Defendant's U.S. Trademark Registration No. 4,584,629 under 15 U.S.C. § 1119.

82.     U.S. Trademark Registration No. 4,584,629 for the BEASTUP mark in Class 32 for "sports drinks, namely, energy drinks" has a registration date of August 12, 2014, a filing date of October 5, 2009, and a first use date of May 2014, and lists Defendant as the owner of the registration.

83.     Since at least 2002, many years before the filing and registration date of U.S. Trademark Registration No. 4,584,629, Monster has continuously used

and promoted its UNLEASH THE BEAST!® mark in interstate commerce in connection with its products, including energy drinks. By virtue of Monster's continuous and substantial use and promotion of the UNLEASH THE BEAST!® mark, the mark has become a strong identifier of Monster and its products, and distinguishes Monster's products from those of others. Monster has built up significant and valuable goodwill in its UNLEASH THE BEAST!® mark. Monster relies on its U.S. Trademark Registration No. 2,769,364 for this cancellation claim.

84. Since at least July 2009, prior to the alleged first use date listed in Defendant's U.S. Trademark Registration No. 4,584,629 for the BEASTUP mark, Monster has continuously used and promoted its UNLEASH THE NITRO BEAST!® mark in interstate commerce in connection with its products, including energy drinks. By virtue of Monster's continuous and substantial use and promotion of the UNLEASH THE NITRO BEAST!® mark, the mark has become a strong identifier of Monster and its products, and distinguishes Monster's products from those of others. Monster has built up significant and valuable goodwill in its UNLEASH THE NITRO BEAST!® mark. Monster relies on its U.S. Trademark Registration No. 4,394,044 for this cancellation claim.

85. Upon information and belief, Defendant Beastup LLC filed the application that led to U.S. Trademark Registration No. 4,584,629 with full knowledge of Monster's prior rights in its UNLEASH THE BEAST!® mark.

86. Monster is being competitively harmed by the continued registration of U.S. Registration No. 4,584,629.

87. In view of the foregoing, Defendant's U.S. Trademark Registration No. 4,584,629 should be cancelled pursuant to 15 U.S.C. § 1119.

**Complaint**

## VIII.  FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under California Business &

### Professions Code §§ 17200 *et seq.*)

88.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-87 of this Complaint as though fully set forth herein.

89.     This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

90.     By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

91.     Defendant's acts complained of herein constitute trademark infringement, unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Monster.

92.     Defendant, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## IX.  SIXTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

93.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-92 of this Complaint as though fully set forth herein.

94.     This is an action for unfair competition under the common law of the State of California.

95.     Defendant's acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

96.     By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in

this Judicial District and elsewhere, thereby unfairly competing with Monster in violation of the common law of the State of California.

97.     Defendant's aforementioned acts have damaged Monster in an amount to be determined at trial.

98.     Defendant has irreparably injured Monster. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

99.     Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, Monster is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## X.  PRAYER FOR RELIEF

WHEREFORE, Monster prays for judgment against Defendant as follows:

1.     That the Court render a final judgment in favor of Monster and against Defendant on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the Claw Icon Mark and/or UNLEASH THE BEAST!® and UNLEASH THE NITRO BEAST!® marks by using a false designation of origin, through the marketing, sale and promotion of Defendant's products, including energy drinks, stickers, and related goods;

3.     That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Monster's trademark rights in at least the marks that are the subject of U.S. Trademark Registration Nos. 2,903,214, 3,434,821, 3,434,822, 3,963,668, 3,134,841, and 3,908,600 and U.S. Trademark Registration Nos. 2,769,364 and 4,394,044;

4.     That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1125(c) by diluting Monster's Claw Icon Mark;

5. That the Court render a final judgment that Defendant has violated California Business and Professions Code §§ 17200, *et seq.* by committing trademark infringement, and unfairly competing with Monster;

6. That the Court render a final judgment that Defendant has violated California common law by unfairly competing with Monster;

7. That the Court issue an order directing the United States Patent and Trademark Office to cancel Defendant's U.S. Trademark Registration No. 4,584,629 for the BEASTUP mark;

8. That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

a. using any of the Claw Icon Mark, UNLEASH THE BEAST!® or UNLEASH THE NITRO BEAST!® marks in connection with Defendant's products or in advertising or promoting Defendant's products, and/or using confusingly similar variations of any of the Claw Icon Mark, UNLEASH THE BEAST!® or UNLEASH THE NITRO BEAST!® marks (including Defendant's claw marks and BEASTUP mark shown herein) in any manner that is likely to create the impression that Defendant's products originate from Monster, are endorsed by Monster, or are connected in any way with Monster, or dilute Monster's Claw Icon Mark;

b. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing any of the Claw Icon Mark, UNLEASH THE BEAST!® or UNLEASH THE NITRO BEAST!® marks, and/or any confusingly similar marks (including Defendant's claw marks and BEASTUP mark shown herein);

**Complaint**

c.     filing any applications for registration of any trademarks or designs confusingly similar to the Claw Icon Mark or UNLEASH THE BEAST!® or UNLEASH THE NITRO BEAST!® marks (including for Defendant's claw marks and BEASTUP mark shown herein), or that dilute Monster's Claw Icon Mark;

d.     otherwise infringing any of the Claw Icon Mark, UNLEASH THE BEAST!® or UNLEASH THE NITRO BEAST!® marks, or any of Monster's other trademarks;

e.     falsely designating the origin of Defendant's products;

f.     unfairly competing with Monster in any manner whatsoever; and

g.     causing a likelihood of confusion or injury to Monster's business reputation;

9.     That Defendant be directed to file with this Court and serve on Monster within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

10.     That Defendant be required to account for and pay to Monster any and all profits derived by Defendant by virtue of Defendant's acts complained of herein;

11.     That Defendant be ordered to pay over to Monster all damages which Monster has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

12.     That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

13.     That Monster be awarded exemplary damages from Defendant pursuant to Cal. Civ. Code. § 3294;

14. That Defendant's actions be deemed willful;

15. That an award of reasonable costs, expenses, and attorneys' fees be awarded to Monster pursuant to at least 15 U.S.C. § 1117;

16. That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing Defendant's BEASTUP mark or claw marks, or any of Monster's BEAST Marks or Claw Icon Mark, or any confusingly similar marks, pursuant to 15 U.S.C. § 1118;

17. That Monster be awarded restitution and disgorgement; and

18. That Monster be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: __August 2, 2017__       By: _/s/ Matthew S. Bellinger_
                                    Steven J. Nataupsky
                                    Lynda J. Zadra-Symes
                                    Matthew S. Bellinger

                                    Attorneys for Plaintiff
                                    MONSTER ENERGY COMPANY

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Monster Energy Company hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 2, 2017

By: */s/ Matthew S. Bellinger*
Steven J. Nataupsky
Lynda J. Zadra-Symes
Matthew S. Bellinger

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

26163759

**Complaint**