Steven J. Nataupsky (CA SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (CA SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew Bellinger (CA SBN 222228)
matt.bellinger@knobbe.com
Marko R. Zoretic (CA SBN 233952)
marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MONSTER ENERGY COMPANY, a Delaware corporation,

Plaintiff,

v.

BEASTUP LLC, a California limited liability company,

Defendant.

Case No. 2:17-CV-01605-KJM-EFB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MONSTER ENERGY COMPANY'S NOTICE OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE NOS. 2–13**

Date: November 3, 2017
Time: 10:00 a.m.
Courtroom: 3, 15th Floor
Hon. Kimberly J. Mueller

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ........ 1

II. LEGAL STANDARD ........ 2

III. THE COURT SHOULD STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES ........ 3

A. The Court Should Strike Defendant's Affirmative Defense Nos. 2–8 and 11–13 Because They Are Not Affirmative Defenses ........ 3

1. Affirmative Defense No. 2 ("No Infringement"), No. 3 ("No False Designation of Origin"), and No. 11 ("No Trademark Use of a Claw Design") ........ 3

2. Affirmative Defense No. 4 ("No Dilution") ........ 4

3. Affirmative Defense No. 5 ("Fair Competition") ........ 5

4. Affirmative Defense No. 6 ("No Likelihood of Confusion") ........ 5

5. Affirmative Defense No. 7 ("Limitations on Relief") and No. 8 ("No Damages") ........ 5

6. Affirmative Defense No. 12 ("Good Faith") ........ 6

7. Affirmative Defense No. 13 ("Additional Defenses") ........ 6

B. The Court Should Strike Defendant's Affirmative Defense Nos. 9 and 10 Because They Fail to Provide Fair Notice ........ 7

1. Affirmative Defense No. 9 ("Unclean Hands") ........ 7

2. Affirmative Defense No. 10 ("Priority") ........ 7

IV. CONCLUSION ........ 8

## TABLE OF AUTHORITIES

**Page No(s).**

*Barnes v. AT&T Pension*,
718 F. Supp. 2d 1167 (N.D. Cal. 2010) .......... *passim*

*Cal. Brewing Co. v. 3 Daughters Brewing LLC*,
2016 U.S. Dist. LEXIS 97614 (E.D. Cal. July 25, 2016) .......... 3

*DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*,
2013 U.S. Dist. LEXIS 110752 (S.D. Cal. Aug. 6, 2013) .......... 4

*Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*,
2011 U.S. Dist. LEXIS 96154 (C.D. Cal. Aug. 25, 2011) .......... 5, 6, 7

*E.E.O.C. v. Timeless Invs., Inc.*,
734 F. Supp. 2d 1035 (E.D. Cal. 2010) .......... 7

*Ganley v. Cty. of San Mateo*,
2007 U.S. Dist. LEXIS 26467 (N.D. Cal. Mar. 22, 2007) .......... 2

*J & J Sports Prods. v. Angulo.*
2015 U.S. Dist. LEXIS 111218 (E.D. Cal., Aug. 21, 2015) .......... *passim*

*Jada Toys, Inc. v. Mattel, Inc.*,
518 F.3d 628 (9th Cir. 2008) .......... 4

*Kaur v. City of Lodi*,
2015 U.S. Dist. LEXIS 126023 (E.D. Cal. Sept. 18, 2015) .......... 7

*Neylon v. Cty. of Inyo*,
2017 U.S. Dist. LEXIS 137212 (E.D. Cal. Aug. 25, 2017) .......... 3

*Nunes v. Cty. of Stanislaus*,
2017 U.S. Dist. LEXIS 137231 (E.D. Cal. Aug. 25, 2017) .......... 2

*Roe v. City of San Diego*,
289 F.R.D. 604 (S.D. Cal. 2013) .......... 6

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983) .......... 2

*TracFone Wireless, Inc. v. Platform Enters.*,
2008 WL 11342734 (C.D. Cal. Mar. 26, 2008) .......... 5, 7

*TSX Toys, Inc. v. 665, Inc.*,
2015 WL 12746211 (C.D. Cal. Sept. 23, 2015) .......... 4

## TABLE OF AUTHORITIES
***(cont'd.)***

**Page No(s).**

*U.S. v. Gibson Wine Co.*,
2016 U.S. Dist. LEXIS 55053 (E.D. Cal. Apr. 25, 2016) ....................3

*Vogel v. Huntington Oaks Del. Partners, LLC*,
291 F.R.D. 438 (C.D. Cal. 2013)....................6

*Wyshak v. City Nat'l Bank*,
607 F.2d 824 (9th Cir. 1979) ....................3, 7

*Zivkovic v. S. Cal. Edison Co.*,
302 F.3d 1080 (9th Cir. 2002) .................... *passim*

## OTHER AUTHORITIES

15 U.S.C. § 1114....................4

15 U.S.C. § 1125....................4

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ....................5

Fed. R. Civ. P. 8....................2, 3

Fed. R. Civ. P. 12....................1, 2

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Monster Energy Company ("Monster") submits this Memorandum in support of its Motion to Strike Defendant BeastUp LLC's Affirmative Defense Nos. 2–13.

## I. INTRODUCTION

Monster is a nationwide leader in the business of developing, marketing, selling, and distributing ready-to-drink beverages, including energy drinks. In 2002, Monster launched its MONSTER ENERGY® drink brand, bearing its now-famous ® mark ("Claw Icon Mark") and UNLEASH THE BEAST!® mark. Images of Monster's original MONSTER ENERGY® drink, which Monster has sold continuously since 2002, are shown below.










Monster filed its Complaint on August 2, 2017, alleging that BeastUp infringed Monster's trademarks in connection with Defendant's BeastUp energy drink products and related goods. Doc. 1. For example, Defendant has sold energy drinks bearing claw logos and BEASTUP mark that are confusingly similar to Monster's Claw Icon Mark and UNLEASH THE BEAST!® mark, as shown below.




Defendant answered the Complaint on September 8, 2017 and asserted thirteen purported affirmative defenses. Doc. 6. Affirmative Defense Nos. 2–8 and 11–13 should be stricken because they are not affirmative defenses. Affirmative Defense Nos. 9 and 10 should be stricken because they fail to provide fair notice of the respective defenses.

## II. LEGAL STANDARD

Under Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike allows a litigant "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Ganley v. Cty. of San Mateo*, 2007 U.S. Dist. LEXIS 26467, at *4 (N.D. Cal. Mar. 22, 2007) ("In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action."). "A decision whether to strike certain material is committed to the sound discretion of the district court." *Nunes v. Cty. of Stanislaus*, 2017 U.S. Dist. LEXIS 137231, at *13 (E.D. Cal. Aug. 25, 2017) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

Rule 8 requires that a party "state in short and plain terms" its defenses when responding to a pleading. Fed. R. Civ. P. 8(b). "A defense may be insufficient as a matter of pleading or as

a matter of law." *Cal. Brewing Co. v. 3 Daughters Brewing LLC*, 2016 U.S. Dist. LEXIS 97614, at *3 (E.D. Cal. July 25, 2016). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses." *U.S. v. Gibson Wine Co.*, 2016 U.S. Dist. LEXIS 55053, at *13 (E.D. Cal. Apr. 25, 2016) (internal quotation marks and citations omitted). For example, "[s]imply referring to a doctrine or statute is insufficient to afford fair notice." *Id*. at *14 (citations omitted); *Neylon v. Cty. of Inyo*, 2017 U.S. Dist. LEXIS 137212, at *4 (E.D. Cal. Aug. 25, 2017) ("Fact barren affirmative defenses or bare references to doctrines or statutes are unacceptable because they do not afford fair notice of the nature of the defense pleaded.") (internal quotes and citations omitted).

Under Rule 8(c), an "affirmative defense … is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT&T Pension*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (citation omitted). "It is a defense on which the defendant has the burden of proof." *Id.* at 1174. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense," but a negative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "[I]f an affirmative defense is a negative defense and should instead be included as a denial in an answer, the motion to strike will be granted." *J & J Sports Prods. v. Angulo.* 2015 U.S. Dist. LEXIS 111218, at *4 (E.D. Cal., Aug. 21, 2015) (citation omitted).

## III. THE COURT SHOULD STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

### A. The Court Should Strike Defendant's Affirmative Defense Nos. 2–8 and 11–13 Because They Are Not Affirmative Defenses

#### 1. Affirmative Defense No. 2 ("No Infringement"), No. 3 ("No False Designation of Origin"), and No. 11 ("No Trademark Use of a Claw Design")

Affirmative Defense No. 2 alleges that "Defendant has not directly or indirectly,

willfully or innocently, infringed any of Plaintiff's asserted trademarks." Doc. 6 at 11 (¶ 102). Affirmative Defense No. 3 alleges that "Defendant has not, directly or indirectly, willfully or innocently, used a false designation of origin in connection with the marketing, sale, or promotion of any of Defendant's products." Doc. 6 at 11 (¶ 103). Affirmative Defense No. 11 alleges that "Plaintiff's claims with respect to what Plaintiff refers to as Defendant's 'claw logos' are barred because Defendant does not use claws or any claw design as a trademark or source identifier." Doc. 6 at 13 (¶ 111). These are not an affirmative defenses—they are negative defenses to Monster's claim for Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a) (Count I) and claim for Trademark Infringement Under 15 U.S.C. § 1114 (Count II), and should be stricken. *See Zivkovic*, 302 F.3d at 1088; *Barnes*, 718 F. Supp. 2d at 1173; *J & J Sports Prods.*, 2015 U.S. Dist. LEXIS 111218, at *4; *TSX Toys, Inc. v. 665, Inc.*, 2015 WL 12746211, at *9 (C.D. Cal. Sept. 23, 2015) (striking affirmative defense of no false designation of origin because it is attack on Plaintiff's *prima facie* claim and therefore not an affirmative defense).

**2. <u>Affirmative Defense No. 4 ("No Dilution")</u>**

Affirmative Defense No. 4 alleges that "Defendant has not, directly or indirectly, willfully or innocently, diluted Plaintiff's 'M' Design mark. Nor has Plaintiff achieved the level of fame needed to prevail in a dilution case under 15 U.S.C. § 1125(c)." Doc. 6 at 11 (¶ 104). To succeed on a trademark dilution claim, a plaintiff must show: "(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008) (citing 15 U.S.C. § 1125(c)(1)). Accordingly, Defendant's defense is not an affirmative defense—it is a negative defense to Monster's claim for Trademark Dilution Under 15 U.S.C. § 1125(c) (Count III) and should be stricken. *See Zivkovic*, 302 F.3d at 1088; *Barnes*, 718 F. Supp. 2d at 1173; *J & J Sports Prods.*, 2015 U.S. Dist. LEXIS 111218, at *4; *see also DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, 2013 U.S. Dist. LEXIS 110752, at *19 (S.D. Cal. Aug. 6, 2013) (striking affirmative defense that Plaintiff's marks were not famous).

**3. Affirmative Defense No. 5 ("Fair Competition")**

Affirmative Defense No. 5 alleges that "Defendant engages in fair and transparent business practices. To the extent, if any, that Defendant's products compete in the marketplace with Plaintiff's products, that competition is healthy and beneficial to consumers and to the public and does not violation [sic] California code or common law." Doc. 6 at 12 (¶ 105). This is not an affirmative defense—it is a negative defense to Monster's claim for Unfair Competition Under California Business & Professions Code §§ 17200, *et seq.* (Count V) and claim for California Common Law Unfair Competition (Count VI), and should be stricken. *See Zivkovic*, 302 F.3d at 1088; *Barnes*, 718 F. Supp. 2d at 1173; *J & J Sports Prods.*, 2015 U.S. Dist. LEXIS 111218, at *4; *see also TracFone Wireless, Inc. v. Platform Enters.*, 2008 WL 11342734, at *4 (C.D. Cal. Mar. 26, 2008) (striking affirmative defense that a claim of unfair competition was barred by Defendants "right to engage in fair trade and to promote, encourage, and further competition.")

**4. Affirmative Defense No. 6 ("No Likelihood of Confusion")**

Affirmative Defense No. 6 alleges that "There is no likelihood that consumers will be confused between Plaintiff's and Defendant's products or marks. This unlikelihood is reinforced by the past eight (8) years of concurrent use without a single incidence of actual confusion." Doc. 6 at 12 (¶ 106). This is not an affirmative defense and should be stricken. *See Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, 2011 U.S. Dist. LEXIS 96154, at *12–13 (C.D. Cal. Aug. 25, 2011) (striking affirmative defense of "No Likelihood of Confusion" because it is an allegation that Plaintiff cannot prove an element of its claim for trademark infringement based on the fact that there is allegedly no likelihood of confusion); *Zivkovic*, 302 F.3d at 1088; *Barnes*, 718 F. Supp. 2d at 1173; *J & J Sports Prods.*, 2015 U.S. Dist. LEXIS 111218, at *4.

**5. Affirmative Defense No. 7 ("Limitations on Relief") and No. 8 ("No Damages")**

Affirmative Defense No. 7 alleges that "Plaintiff cannot recover statutory damages, treble damages, exemplary damages, restitution or disgorgement, injunctive relief, or attorneys'

fees because, on information and belief, the Plaintiff is not entitled to such remedies under the appropriate statutes." Doc. 6 at 12 (¶ 107). Affirmative Defense No. 8 alleges that "Plaintiff cannot recover damages for trademark or other alleged violations because Plaintiff has not incurred any actual damages or injury as a result of the Defendant's allegedly infringing activities." *Id.* (¶ 108). These affirmative defenses essentially argue that Monster cannot meet its burden of proof with respect to damages. Accordingly, they are not affirmative defenses and should be stricken. *Zivkovic*, 302 F.3d at 1088; *Barnes*, 718 F. Supp. 2d at 1173; *J & J Sports Prods.*, 2015 U.S. Dist. LEXIS 111218, at *4; *Roe v. City of San Diego*, 289 F.R.D. 604, 610 (S.D. Cal. 2013) (holding that defendants' denial of punitive damages was not an affirmative defense because it asserted that the plaintiff had not met her burden of proof); *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 439 (C.D. Cal. 2013) (striking affirmative defense alleging "no damage or injury" "because it merely points to a defect in [Plaintiff's] case").

**6. <u>Affirmative Defense No. 12 ("Good Faith")</u>**

Affirmative Defense No. 12 alleges that "At all times, Defendant had, and continues to have, a reasonable, good faith belief that it has the legal right to make, use, sell, and promote Defendant's goods under Defendant's marks." Doc. 6 at 13 (¶ 112). This is not an affirmative defense and should be stricken. *See Desert European Motorcars, Ltd.*, 2011 U.S. Dist. LEXIS 96154, at *10 (striking good faith affirmative defense in part because "'[g]ood faith or lack of wrongful intent does not provide valid defense to charge of trademark infringement'" (quoting *Coca–Cola Co. v. Overland, Inc.*, 692 F.2d 1250 (9th. Cir. 1982))); *Zivkovic*, 302 F.3d at 1088; *Barnes*, 718 F. Supp. 2d at 1173; *J & J Sports Prods.*, 2015 U.S. Dist. LEXIS 111218, at *4.

**7. <u>Affirmative Defense No. 13 ("Additional Defenses")</u>**

Affirmative Defense No. 13 alleges that "Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff. Accordingly, Defendant reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery." Doc. 6 at 13 (¶ 113). This is not an affirmative defense

and should be stricken. *E.E.O.C. v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010) (the mere "'reservation of affirmative defenses' is not an affirmative defense."); *Kaur v. City of Lodi*, 2015 U.S. Dist. LEXIS 126023, at *4–5 (E.D. Cal. Sept. 18, 2015); *Zivkovic*, 302 F.3d at 1088; *Barnes*, 718 F. Supp. 2d at 1173; *J & J Sports Prods.*, 2015 U.S. Dist. LEXIS 111218, at *4.

**B. The Court Should Strike Defendant's Affirmative Defense Nos. 9 and 10 Because They Fail to Provide Fair Notice**

The following affirmative defenses are insufficient because they fail to meet the "fair notice" pleading standard articulated in *Wyshak v. City Nat'l Bank*. Accordingly, the Court should strike these deficient defenses.

**1. Affirmative Defense No. 9 ("Unclean Hands")**

Affirmative Defense No. 9 alleges that "Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands." Doc. 6 at 12 (¶ 109). The affirmative defense recites no facts whatsoever to support that Monster has somehow acted with unclean hands. The affirmative defense should be stricken because it merely states a legal conclusion and fails to give Monster fair notice of the defense being asserted. *See Wyshak*, 607 F.2d at 827 (an affirmative defense is insufficient as a matter of pleading where it fails to provide the plaintiff with "fair notice" of the defense asserted); *Desert European Motorcars, Ltd.*, 2011 U.S. Dist. LEXIS 96154, at *4 (striking affirmative defense of "unclean hands" because the "affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, and is therefore insufficient to provide fair notice.") (internal quotation and cite omitted); *TracFone Wireless*, 2008 WL 11342734, at *4 (striking affirmative defense of unclean hands because of the absence of factual allegations).

**2. Affirmative Defense No. 10 ("Priority")**

Affirmative Defense No. 10 alleges that "With respect to several of Plaintiff's asserted marks, Defendant, and not Plaintiff, is the senior user and has priority of first use." Doc. 6 at 12 (¶ 110). The affirmative defense should be stricken because it merely states a conclusion and fails to give Monster fair notice of the defense being asserted. *See Wyshak*, 607 F.2d at 827.

For example, the affirmative defense fails to identify those marks of Monster for which Defendant claims to be the senior user. Indeed, Monster has continuously used its UNLEASH THE BEAST!® mark since 2002. *See*, e.g., Doc. 1 at ¶ 16. Defendant's U.S. Trademark Registration No. 4,584,629 for the BEASTUP mark in connection with "sports drinks, namely, energy drinks" was not filed until October 2009 and lists an alleged first use date of May 2014. *See, e.g.*, *id.* at ¶¶ 82–83; Doc. 6 at 82.

## IV. CONCLUSION

For the reasons stated above, Monster respectfully requests that the Court strike Defendant's Affirmative Defense Nos. 2–13.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 29, 2017

By: */s/ Marko R. Zoretic*
Steven J. Nataupsky
Lynda J. Zadra-Symes
Matthew S. Bellinger
Marko R. Zoretic

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

**CERTIFICATE OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On September 29, 2017, I served the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MONSTER ENERGY COMPANY'S NOTICE OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE NOS. 2–13** on counsel for BeastUp LLC as shown below

**VIA THE COURT'S ECF/CM SYSTEM:**

Eve J. Brown
BRICOLAGE LAW, LLC
1089 Beacon Street, Suite 4D
Brookline, MA 02446
(508) 734-3404
ejbrown@bricolagelaw.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 29, 2017, at Irvine, California.

/s/ *Marko R. Zoretic*
Marko R. Zoretic

26742539