Eve J. Brown (CA SBN 247051)
ejbrown@bricolagelaw.com
BRICOLAGE LAW, LLC
1080 Beacon Street, Suite 4D
Brookline, MA  02446
(508) 734-3404

Attorney for Defendant
BEASTUP LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEASTUP LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:17-CV-01605-KJM-EFB<br><br>**OPPOSITION TO PLAINITFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES NOS. 2-13**<br><br>Date: December 8, 2017<br>Time: 10:00 a.m.<br>Courtroom:  3<br>Hon. Kimberly J. Mueller |

Defendant BeastUp LLC hereby submits its response in opposition to Plaintiff's Motion to Strike Affirmative Defenses 2-13. For the reasons set forth below, Defendant respectfully requests that the Court deny Plaintiff's Motion and, in the event the Court deems any affirmative defenses deficient, that it grant Defendant leave to amend.

## I. INTRODUCTION

Plaintiff's stated purpose behind filing its Motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing those issues prior to trial," and to "make trial less complicated or otherwise streamline the ultimate resolution of the action." Plaintiff's Motion at 2.

There is some irony here: in the name of "preserving resources," Plaintiff has created hours of extraneous motion practice and adjudication, with no indication of exactly how eliminating the challenged affirmative defenses will streamline this litigation. *See, e.g.,* Aros v. United Rentals, Inc., No. 3:10-CV-73 (JCH), 2011 WL 5238829 at *3 n.3 (D. Conn. 2011) (reflecting upon "how much energy and expense was invested in the filing of, and opposition to, the instant Motion, which energy and expense could better be put to matters that would advance the determination of the merits of the case.").

The inherent hypocrisy of filing a superfluous adversarial motion in the purported name of minimizing disputes and conserving resources, among other considerations, has led to the well-established disfavor of motions to strike

amongst federal courts, including those in the Ninth Circuit. 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1381 (4th ed. 2013-2017); *see also* SEC v. Gendarme Capital Corp., et al., No. 2:11-CV-00053-KJM-KJN, 2012 WL 346457, *1 (E.D. Cal. 2012) ("motions to strike are disfavored and infrequently granted"); Allen v. Woodford, No. 1:05-CV-01104-OWW-LJO, 2006 WL 1748587, *20 (E.D. Cal. 2006); Bassiri v. Xerox Corp., 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003); Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("[m]otions to strike are generally regarded with disfavor"); U.S. v. Iron Mountain Mines, Inc., 812 F. Supp. 1528, 1535 (E.D. Cal. 1992) ("a motion to strike an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense"); Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (motions to strike must not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation"); United States v. 729.773 Acres of Land, More or Less, Situated in City and County of Honolulu, 531 F. Supp. 967, 971 (D. Haw. 1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor.").

In explaining the prevailing hostility towards motions to strike, numerous district courts in this Circuit have observed that such motions are "so often used as delaying tactics" rather than as legitimate mechanisms for preserving resources. Federal Trade Commission v. Golden Empire Mortgage, Inc., No. 2:09-CV-

*1* 03227, 2009 WL 4798874, *3 (C.D. Cal. 2009); *see also* Hernandez v. Balakian,

*2*

*3* 480 F.Supp.2d 1198 (E.D. Cal. 2007) (describing motions to strike affirmative

*4* defenses as having a "dilatory and often harassing character"); Mireles v. Paragon

*5* Sys. Inc., No. 3:13-CV-00122, 2013 WL 3450090, *1 (S.D. Cal. July 9, 2013)

*6*
*7* (citing Rosales v. Citibank, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001)); Acacia

*8* Corporate Management, LLC v. United States, No. 07:CV-1129, 2008 WL

*9* 191029, *5 (E.D. Cal. Jan. 22, 2008); Cal. Dept. of Toxic Substances Control v.

*10*
*11* Alco Pacific, Inc., 217 F. Supp.2d 1028, 1033 (C.D. Cal. 2002).

*12* Plaintiff circumvents the Ninth's Circuit's -- and this Court's -- clear

*13* guidance, instead asking the Court to make a premature determination that

*14*
*15* Defendant's affirmative defenses fail as a matter of law. As further demonstrated

*16* below, they do not. Defendant's affirmative defenses are all sufficiently pled and

*17* available as a matter of law, and should not be stricken.

*18*
## II.   ARGUMENT
*19*

*20* **a.   Defendants' Affirmative Defenses 2-8 and 11-13 Are Available as a Matter of Law**
*21*

*22* Federal Rule of Civil Procedure 8(c)(1) provides a list of nineteen

*23* affirmative defenses available to defendants, including: accord and satisfaction;

*24*
*25* arbitration and award; assumption of risk; contributory negligence; duress;

*26* estoppel; failure of consideration; fraud; illegality; injury by fellow servant;

*27* laches; license; payment; release; res judicata; statute of frauds; statute of

*28*

- 3 -    Opposition to Motion to Strike
Case No. 2:17-CV-01605-KJM-EFB

limitations; and waiver.

Rule 8(c)(1)'s list of affirmative defenses "is not intended to be exhaustive." 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1271 (4th ed. 2013-2017). Indeed, the Rule expressly includes a residuary clause, stating that "any other matter constituting an avoidance" is also to be pleaded as an affirmative defense. Fed. R. Civ. P. 8(c); *see also* Jones v. Bock, 549 U.S. 199 (2007).

While recognizing that certain defenses other than those enumerated should be set forth affirmatively by the defendant to provide the plaintiff and the district court with sufficient notice that the matter has been put in issue, the original drafters of the federal rules did not elaborate on how to determine what is covered by Rule 8(c)'s residuary clause, nor what constitutes "an avoidance." Although extensive jurisprudence has been devoted to this question, little definitive guidance has emerged, other than the broad interpretation that Rule 8(c) encompasses any defensive allegations that: (1) admit the allegations of the complaint, but suggest a reason why there is no right of recovery; or (2) concern claims outside of the plaintiff's *prima facie* case. *See* Juracek v. City of O'Fallon, Illinois, 2007 WL 4225591, *2 (S.D. Ill. 2007) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1271); Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc., No. 11-CV-1161, 2012 WL 177576, *3 (C.D. Cal. 2012) ("Rule 8 contemplates pleading all defenses; no limitation as to affirmative or

negative defenses is expressed in the text of the rule.").

Despite the vagueness of Rule 8(c)'s language, the penalty for misconstruing it is steep. Morrison v. Mahoney, 399 F3d 1042 (9th Cir. 2005) ("Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived.") (quoting Fed. R. Civ. P. 8(c), 12(b), and 12(g)); Stephenson v. Davenport Community School Dist., 110 F.3d 1303, 1305 n. 3 (8th Cir. 1997) (noting that federal courts have consistently held that the failure by a defendant to plead an affirmative defense in their answer generally results in waiver and exclusion from the action).

Due largely to the combination of sparse guidance and harsh punishment, defendants are often cautious in limiting which matters will be affirmatively pled. Affirmative defenses are typically pled liberally, and frequently include a "catch-all" defense designed to protect the defendant from admitting damaging facts by mistake or inadvertently waiving a defense. *See* Bishop v. Goodyear Tire, 2016 WL 1389590, *2 (D.S.D. 2016) (defendants successfully preserved their rights to raise affirmative defenses by stating in their answer that they were generally asserting "all available defenses" pursuant to "any statute governing plaintiff's claims"). This approach is justified, and arguably necessary, to avoid the dangers of waiving an otherwise valid defense. Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 736 (1982) ("the very possibility of waiver makes it important (and

certainly prudent) to plead all appropriate affirmative defenses . . . the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category.").[1]

Despite the inability of a nation of federal courts and scholars to conclusively define what is or is not an affirmative defense, Plaintiff claims to have miraculously solved the riddle. In declaring that Defendant's Affirmative Defense Nos. 2-8 and 11-13 are "not affirmative defenses," and should therefore have never been pled, Plaintiff has made a recklessly unsupported statement. If accepted, Plaintiff's bald assertion could have the potentially deleterious effect of precluding Defendant from setting forth strong and valid defenses. Not only is Plaintiff's unilateral judgment unsupported, it is actually contravened by established federal practice.

Turning to Defendant's specific Affirmative Defenses, each can be characterized as an "avoidance" of Plaintiff's allegations under Rule 8(c). Further, each asserted defense is relevant to the relief Plaintiff has requested from this Court. For example, Defendant's Fifth, Seventh, and Eighth Affirmative Defenses (respectively, Good Faith, Fair Competition, and Limitations on Relief) speak directly to Defendant's intent and to consumer impact, both of which are critical to

---

[1] Within this framework, the list of available affirmative defenses under Rule 8(c) is perpetually revised and lengthened. Within the state of California and the 9th circuit alone, courts have added over 175 separate affirmative defenses to the list.

determinations of appropriate relief, as well as to the elements of Plaintiff's unfair competition and trademark infringement allegations. For an analogous determination, *see, e.g.,* Federal Trade Commission v. Direct Benefits Grp., LLC, No. 6:11-CV-1186-ORL-28, 2013 WL 3771322, *20 (M.D. Fla. 2013) (the degree of scienter involved in defendant's alleged actions was relevant to the scope of plaintiff's remedies, including the issuing of injunctions and the imposing of treble damages in cases of willfulness).

Similarly, Defendant's Second, Third, Fourth, Sixth, Eleventh, and Twelfth Affirmative Defenses speak directly to specific elements of Plaintiff's causes of action, while Defendant's Thirteenth Affirmative Defense functions as the widely accepted "catch-all" defense, preserving Defendant's right to add currently unascertained defenses as discovery commences and as critical facts are uncovered.

In light of Rule 8(c)'s amorphous residuary clause, established practice and procedure regarding liberal affirmative defense pleading, and the relevance of Defendant's Affirmative Defenses to this action, Plaintiff's Motion should be denied. *See* Hernandez v. Balakian, No. CV-F-06-1383-OWW/DLB, 2007 WL 1649911, *1 (E.D. Cal. 2007) (affirmative defenses serve the beneficial purpose of providing fuller notice of the basis for a claim or defense, while rarely prejudicing the adverse party; therefore, motions to strike are most often denied).

### b. Defendant's Affirmative Defense Nos. 9 and 10 Provide Fair and Adequate Notice to Plaintiff of Defendant's Intent to Litigate the Issues of Unclean Hands and Priority

Plaintiff seeks to have Affirmative Defense Nos. 9 and 10 stricken based on its remarkable assertion that these defenses do not provide Plaintiff with the basic facts necessary to ascertain what discovery Plaintiff should request of Defendant once discovery opens. Plaintiff's arguments are unpersuasive. Moreover, Plaintiff has failed to meet the high burden required to strike entire defenses from the proceeding. Willis v. Mullins, No. CIV-F-04-6542 AWI LJO, 2006 WL 2792857, *1 (E.D. Cal. 2006) (as the moving party, Plaintiff bears the burden on its motion to strike, and the standard for granting such a motion is high).

Two seminal cases govern the adequacy of pleaded allegations in federal complaints: *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In these cases, the Supreme Court held that a plaintiff must plead sufficient facts in a complaint to show "a plausible entitlement to relief."

Since *Twombly* and *Iqbal*, Plaintiffs have argued, with varying degrees of success, that the Twombly-Iqbal "plausibility" standard, which is heightened from the traditional "fair notice" standard, applies with equal force to a defendant's affirmative defenses. The majority of district courts to consider the issue, however, have concluded that it is improper to apply such an amplified standard to defendants. *See, e.g.,* Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 566 (S.D.

Cal. 2012) (Twombly-Iqbal standard that increases pleading requirement from "fair notice" to "factual plausibility" is inapplicable to affirmative defenses); Zody v. Microsoft Corp., 2013 WL 2468250, *6 (N.D. Cal. 2013) (unlike complaints, affirmative defenses do not need extensive factual allegations); Meas v. CVS Pharmacy, Inc., No. 11-CV-0823, 2011 WL 2837432 (S.D. Cal. July 14, 2011); Baroness Small Estates, Inc. v. BJ's Restaurants, Inc., No. SA-CV 11-00468-JST (Ex), 2011 WL 3438873 (C.D. Cal. 2011); Whitserve, LLC v. GoDaddy.com, Inc., No. 3:11-CV-948, 2011 WL 5825712 (D. Conn. 2011); Brossart v. DIRECTTV, No. 11-786, 2011 WL 5374446 (D. Minn. 2011); Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D. Ala. 2010); Tyco Fire Products LP v. Victaulic Co., 777 F. Supp.2d 893 (E.D. Pa. 2011).

Instead, courts in the Ninth and other circuits find a defense sufficient if it provides the plaintiff with "fair notice." *Hernandez*, 2007 WL 1649911, at *1 (citing Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979)). Fair notice does not require that a party plead an affirmative defense with particular specificity. Wong v. U.S., 373 F.3d 952, 969 (9th Cir. 2004). Indeed, "Rule 8(b) and Rule 8(c) contain no language that pleaders must show that they are entitled to relief on their affirmative defenses." Memory Control Enter. LLC v. Edmunds.com, Inc., 2012 WL 681765, at *4 (C.D. Cal. 2012). Generally, simply pleading the name of the affirmative defense is sufficient. United States v. Global Mortgage Funding, Inc., No. SA-CV-071275, 2008 WL 5264986, *2 (C.D. Cal.

2008); *see also* Verco Decking, Inc. v. Consol. Sys., Inc., No. CV-11-2516, 2013 WL 6844106, *5 (D. Ariz. 2013) ("[T]he only pleading requirement for an affirmative defense, as opposed to a defense or a claim, is that a party must affirmatively state it."); Federal Trade Commission v. Hope Now Modifications, LLC, No. 09-1204 (JBS/JS), 2011 WL 883202, *2 (D.N.J. 2011) (whereas Rule 8(a)(2) governing federal complaints requires a plaintiff to "show that the pleader is entitled to relief," Rule 8(c)(1) governing defenses merely requires a defendant to "state any avoidance or affirmative defense"); Tyco Fire Products v. Victaulic Company, 777 F.Supp.2d 893 (E.D. Pa. 2011) ("An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved .... the requisite notice is provided where the affirmative defense in question alerts the adversary to the existence of the issue for trial. Providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses. Thus, the Court will only strike defenses challenged on sufficiency grounds if they do not meet this low standard."); Charleswell v. Chase Manhattan Bank, N.A., No. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009) (there is no requirement in Rule 8(c) for a defendant to "show any facts at all").

Here, Defendant does significantly more than affirmatively state its defenses. With respect to Affirmative Defense No. 10 ("Priority"), Defendant specifies in its Answer, through a detailed chart (complete with registration

numbers and filing dates), the precise marks relied upon by Plaintiff that Defendant asserts are junior to Defendant's mark. Defendant's Answer at page 3, paragraph 13. In the Affirmative Defense itself, Defendant is also explicit in setting forth its position. Even viewed independently, but certainly when viewed together, the various paragraphs of Defendant's Answer provide ample notice to Plaintiff under Rule 8(c). *See* Williams v. Ashland Eng'g Co., Inc., 45 F.3d 588, 593 (1st Cir. 1995) ("an inquiring court must examine the totality of the circumstances and make a practical, common sense assessment about whether Rule 8(c)'s core purpose - to act as a safeguard against surprise and unfair prejudice - has been vindicated"); AEL Financial, LLC v. Burns, 2010 WL 4313988, *2 (N.D. Ill. 2010) (read in its entirety, answer with list of conclusory affirmative defenses, along with factual background, satisfied Rule 8(c)); Schlottman v. Unit Drilling Co., LLC, No. Civ-08-1275-C, 2009 WL 1764855, *1 (W.D. Okla. 2009) (the sufficiency of affirmative defenses must be compared and considered in the context of the pleadings as a whole).

Though pled with less specificity than Affirmative Defense No. 10, Defendant's Affirmative Defense No. 9 (Unclean Hands) also contains language sufficient to allow Plaintiff to easily discern the bases for the defense.

Moreover, the reason that No. 9 is less factually detailed than No. 10 is that, unlike the defense of Priority that can be proven through public United States Patent and Trademark Office records, the defense of Unclean Hands requires an

investigation of facts and circumstances that may not be readily ascertained through a cursory Internet search. Yet Defendant has had no opportunity to conduct such an investigation, as discovery has not yet begun. Nor did the 21-day response period once served with Plaintiff's Summons and Complaint provide adequate time for Defendant to ascertain the details Plaintiff demands.

Plaintiff cannot legitimately expect Defendant to provide detailed facts supporting its Unclean Hands defense at this stage of the litigation, when doing so would require investigation into Plaintiff's private actions – an investigation that Defendant could not possibly have conducted in the time allotted to file its Answer. Indeed, a core rationale articulated by the many courts that refuse to apply the heightened plausibility standard to affirmative defenses is that defendants are, by the nature of litigation, at a temporal disadvantage. *See* Brossart, 2011 WL 5374446 at *2 (declining to apply *Twombly* to affirmative defenses in part because defendant only had 21 days to file an answer and "is therefore in a much different position from that of plaintiff"); Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) (refusing to extend *Twombly* to affirmative defenses as parties are in "much different positions ... a plaintiff has months —– often years —– to investigate a claim before pleading that claim in federal court."); Weddle v. Bayer AG Corp., 2012 WL 1019824, *3 (S.D. Cal. 2012) (requiring factual allegations supporting affirmative defenses is unreasonable); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 566 (S.D. Cal.

2012) (because a plaintiff can prepare its complaint over years, whereas defendants have only 21 days to file their answers, a less stringent pleading requirement for affirmative defenses is reasonable); Meas v. CVS Pharmacy, Inc., 2011 WL 2837432, *3 (S.D. Cal. 2011) ("to expect a defendant to investigate and to adequately prepare an answer containing all relevant affirmative defenses within 21 days of service of the complaint would seem to be unrealistic"); Muschong v. Millennium Physician Group, LLC, 2014 WL 3341142 (M.D. Fla. 2014) (defendant not obligated to set forth detailed factual allegations); Microsoft Corp. v. Worth, 2007 WL 1975574 (D.C. Cir. 2007) (it is possible that merely naming defense will be found sufficient); Lane v. Page, 272 F.R.D. 581, 588-597 (D.N.M. 2011) (requiring defendants to support their affirmative defenses with sufficient factual detail places them in a Catch-22 – they have to include facts in their answers, but do not yet have the facts because discovery has not commenced).

Courts in the Ninth Circuit have considered the precise problem of the highly factual Unclean Hands Affirmative Defense, and have ruled that a mere statement that defendant intends to assert the defense is sufficient under the Rules. Gen-Probe Inc. v. Becton Dickinson and Co., 2010 WL 4442731, *1 (S.D. Cal. 2010) ("Because BD has identified and affirmatively stated that it intends to assert an unclean hands defense, BD has met its pleading obligation under Rule 8(c)."); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010).

Here, Defendant has either met or exceeded its pleading obligation under Rule 8(c). Further, Plaintiff has not shown that it has been hampered by Defendant's pleading, nor has Plaintiff articulated any prejudice that would result from a denial of its Motion to Strike. This failure, in itself, may be fatal to Plaintiff's claims. *See* 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 1381 (4th ed. 2013-2017) ("even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party").

### III.   CONCLUSION

The Court should deny Plaintiff's Motion and allow the parties to vet the affirmative defenses through discovery, dispositive motion practice, and, if necessary, at trial. In the alternative, the Court should grant Defendant leave to amend any affirmative defenses it deems deficient.

Dated: November 24, 2017                             Respectfully submitted,

                                                                            BRICOLAGE LAW, LLC

                                                                            By: /s/ Eve J. Brown_____
                                                                                  Eve J. Brown

                                                                            Attorney for Defendant
                                                                            BEASTUP LLC