Steven J. Nataupsky (CA SBN 155913*)*
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (CA SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew Bellinger (CA SBN 222228)
matt.bellinger@knobbe.com
Marko R. Zoretic (CA SBN 233,952)
Marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

Eve J. Brown (CA SBN 247051)
ejbrown@bricolagelaw.com
BRICOLAGE LAW, LLC
1080 Beacon Street, Suite 4D
Brookline, MA  02446
(508) 734-3404

Attorney for Defendant
BEASTUP LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>BEASTUP LLC, a California limited liability company,<br><br>            Defendant. | Case No. 2:17-CV-01605-KJM-EFB<br><br>Hon. Kimberly J. Mueller<br><br>**JOINT STATUS REPORT** |

Pursuant to Local Rule 240, Fed. R. Civ. P. 26, the Court's Order Setting Status (Pretrial Scheduling) Conference (Dkt. 4), and Minute Order Resetting the Status Conference for December 8, 2017 (Dkt. 14), Plaintiff Monster Energy Company ("Plaintiff") and Defendant BeastUp LLC ("Defendant") hereby submit this Joint Status Report.

A.     **Brief Summary of Claims**

This is an action filed by Plaintiff against Defendant for: 1) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a); 2) trademark infringement under 15 U.S.C. § 1114; 3) trademark dilution under 15 U.S.C. § 1125(c); 4) cancellation of U.S. Trademark Registration No. 4,584,629 pursuant to 15 U.S.C. § 1119; 5) unfair competition arising under California Business & Professions Code § 17200 *et seq*.; and 6) California common law unfair competition.

Plaintiff alleges that Defendant is offering for sale energy drinks and related goods bearing marks confusingly similar to Plaintiff's marks. Plaintiff alleges that Defendant is using claw logos that are confusingly similar to Plaintiff's famous ® mark ("Claw Icon Mark") and is also using the BEASTUP mark, which is confusingly similar to at least Plaintiff's UNLEAST THE BEAST!® and UNLEASH THE NITRO BEAST!® marks. Plaintiff further seeks an order directing the United States Patent and Trademark Office to cancel Defendant's U.S. Trademark Registration No. 4,584,629 for the BEASTUP mark.

Defendant has denied Plaintiff's claims and that Plaintiff is entitled to the relief requested in the Complaint. Defendant alleges that Defendant is not using any claw logo, that Plaintiff has not attained fame under the meaning of the Lanham Act, and that Defendant's BEASTUP mark is not confusingly similar to nor infringing upon any of Plaintiff's marks. Defendant also alleges that Plaintiff waived its right to bring this suit on the basis of the substantial length of time during which Defendant has operated under its marks without complaint, interference, or confusion, and further alleges that this case has been brought in bad faith as part of a pattern of litigation abuse by Plaintiff. Defendant has asserted the following as Affirmative Defenses in its Answer: (1) Laches, Waiver and/or Acquiescence; (2) No Infringement; (3) No False Designation of Origin, (4) No Dilution, (5) Fair Competition, (6) No

Likelihood of Confusion, (7) Limitations on Relief, (8) No Damages, (9) Unclean Hands, (10) Priority, (11) No Trademark Use of a Claw Design, (12) Good Faith, and (13) Additional Defenses.

B.   **Status of Service**

Service upon Defendant was completed on August 18, 2017.  *See* Dkt. 5.  There are no other parties to be served.

C.   **Possible Joinder of Additional Parties**

The parties do not anticipate adding any additional parties to this case.

D.   **Contemplated Amendments to the Pleadings**

Plaintiff is currently unaware of any need to amend its pleadings.  Plaintiff has filed a motion to strike Defendant's Affirmative Defense Nos. 2–13 on the grounds that Affirmative Defense Nos. 2–8 and 11–13 are not affirmative defenses and that Affirmative Defense Nos. 9 and 10 fail to provide fair notice.  *See* Dkt. 11.  Defendant is preparing an opposition to Plaintiff's motion to strike and will be filing the same no later than November 23, 2017.

E.   **Statutory Basis for Jurisdiction and Venue**

The Court has original subject matter jurisdiction over Plaintiff's claims relating to trademark infringement, trademark dilution, false designation of origin, and cancellation of Defendant's trademark registration pursuant to 15 U.S.C. §§ 1116 and/or 1121(a).  The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331 and 1338, as the claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in the Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

/ / /

**F.     Anticipated Discovery and the Scheduling of Discovery, including**

      **1.     What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held**

The parties agree that they will serve Initial Disclosures by Friday, December 1, 2017.

      **2.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases**

The parties anticipate conducting discovery on issues relating to Plaintiff's claims asserted in the Complaint and Defendant's defenses in the Answer.  For example, Plaintiff anticipates that it will need discovery regarding at least the following subjects: (1) the design, development, selection, and adoption of Defendant's claw marks and BEASTUP mark, including the packaging for Defendant's energy drink products; (2) Defendant's marketing, sales, advertisement, and promotion of its products; (3) Defendant's knowledge of Plaintiff, Plaintiff's products, and Plaintiff's asserted trademarks; (4) instances of confusion between Defendant's products and Plaintiff or its products; and (5) the damages to which Plaintiff is entitled.  Defendant anticipates that it will need discovery regarding at least the following subjects: (1) the nature and extent of Plaintiff's use of its BEAST-formative marks; (2) Plaintiff's marketing, sales, advertisement, and promotion of its products; (3) the nature of any harm or damages Plaintiff has incurred in connection with its claims; (4) the extent to which the consuming public associates the word BEAST exclusively with Plaintiff; and (5) evidence that the consuming public is likely to confuse Defendant's products and Plaintiff or its products. The parties propose that discovery be phased to have a first period for fact discovery and then a second period for expert witness discovery.  The parties request the following proposed schedule be considered by the Court:

/ / /

/ / /

| Event | Agreed Upon Dates |
|---|---|
| Rule 26 Initial Disclosures | December 1, 2017 |
| Last day to amend pleadings or add parties | January 26, 2018 |
| Fact Discovery Cut Off | June 1, 2018 |
| Expert Reports by Party Bearing Burden of Proof | June 22, 2018 |
| Rebuttal Expert Reports | August 3, 2018 |
| Expert Discovery Cut Off | September 7, 2018 |
| Last Day to Hear Dispositive Motions | November 2, 2018 |
| Last Day to Conduct Settlement Conference | November 21, 2018 |
| Pretrial Conference | December 17, 2018 |
| Trial | January 28, 2019 |

**3.     What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed**

The parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**4.     The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2)**

Expert Reports by Party Bearing Burden of Proof – June 22, 2018.  Rebuttal Expert Reports – August 3, 2018.  *See* Section F(2), above.

**5.     Proposed dates for discovery cut−off**

Fact Discovery Cut Off – June 1, 2018.  Expert Discovery Cut Off – September 7, 2018.  *See* Section F(2), above.

- 4 -                              Joint Status Report
Case No. 2:17-CV-01605-KJM-EFB

**G.     Contemplated Dispositive or Other Motions**

Plaintiff believes that Defendant's Affirmative Defense Nos. 2–13 should be stricken for the reasons set forth in Plaintiff's Motion to Strike, filed on September 29, 2017.  *See* Dkt. 11.  Further, Plaintiff believes that its currently plead causes of action may be appropriate for resolution on summary judgment.

Defendant believes that its affirmative defenses should stand. With respect to summary judgment, because of the intensely factual nature of trademark infringement claims, Defendant believes that this case is not appropriate for resolution on summary judgment, and that summary judgment motion practice would waste judicial and party resources and fruitlessly delay this proceeding.

All dispositive motions shall be heard no later than November 2, 2018.  *See* Section F(2), above.

**H.     Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations on restrictions on the use of testimony under Federal Rule of Evidence 702**

None.

**I.     Proposed Date for Final Pretrial Conference**

Pretrial Conference – November 5, 2018.  *See* Section F(2), above.

**J.     Estimated Length of Jury Trial and Dates**

The parties have demanded a jury trial.  The parties anticipate that the trial in this case will take 4–5 Court days.  The parties propose that trial commence on January 28, 2019.  *See* Section F(2), above.

**K.     Appropriateness of Special Procedures**

The parties do not agree to try the case before a Magistrate Judge and do not foresee a need for a Special Master.

/ / /

/ / /

/ / /

L. **Proposed Modification of Standard Pretrial Procedure Because of the Simplicity or Complexity of the Case**

Other than the proposed schedule set forth in Section F(2), above, the parties do not propose modification of standard pretrial procedures.

M. **Relatedness to Any Other Case**

None.

N. **Optimal timing and method for settlement discussions, including whether a court-conveyed settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d)**

The parties agree that the deadline for conducting a settlement conference should be after the filing of any dispositive motions as set forth in Section F(2), above. At this time, the parties do not stipulate to the trial judge acting as a settlement judge.

Counsel for each party understands and has explained to its respective client the VDRP rules and process. With counsels' assistance, the parties have carefully considered whether this action might benefit from participation in the VDRP. The parties agree that that participating in the VDRP is premature at this time, and will continue considering participating in the VDRP.

To the extent the parties later agree to participation in the VDRP, the parties expect to request referral to the VDRP at that time.

O. **Any Other Matters Discussed in Local Rule 240**

The parties agree that electronically stored information ("ESI") may be produced as .pdf or .tiff files, with each party reserving the right to make reasonable requests for the production of particular documents in native format.

/ / /

/ / /

The parties will submit a proposed stipulated protective order.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 28, 2017    By: /s/ Marko R. Zoretic
    Steven J. Nataupsky
    Lynda J. Zadra-Symes
    Matthew S. Bellinger
    Marko R. Zoretic

Attorneys for Plaintiff
MONSTER ENERGY COMPANY


BRICOLAGE LAW, LLC


Dated: November 28, 2017    By: /s/ Eve J. Brown
*(with permission Marko R. Zoretic)*
    Eve J. Brown

Attorney for Defendant
BEASTUP LLC

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On November 28, 2017, I served **JOINT STATUS REPORT** on counsel for BeastUp LLC as shown below:

**VIA THE COURT'S ECF/CM SYSTEM TO:**

Eve J. Brown
BRICOLAGE LAW, LLC
1080 Beacon Street, Suite 4D
Brookline, MA  02446
(508) 734-3404
ejbrown@bricolagelaw.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 28, 2017, at Irvine, California.

*/s/ Marko R. Zoretic*
Marko R. Zoretic

27137731