Steven J. Nataupsky (CA SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (CA SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew Bellinger (CA SBN 222228)
matt.bellinger@knobbe.com
Marko R. Zoretic (CA SBN 233,952)
marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, | Case No. 2:17-CV-01605-KJM-EFB |
| Plaintiff, | **MONSTER ENERGY COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE NOS. 2–13** |
| v. | |
| BEASTUP LLC, a California limited liability company, | Hon. Kimberly J. Mueller |
| Defendant. | Date:          December 8, 2017 Time:          10:00 a.m. Location:      Courtroom 3, 15th Floor |

## I.  MOTIONS TO STRIKE AFFIRMATIVE DEFENSES ARE ROUTINELY GRANTED WHEN APPROPRIATE

Defendant cites multiple cases in support of its general proposition that motions to strike are disfavored, while providing virtually no explanation as to how those cases purportedly apply to the specific facts of this case.  Doc. 15 at 1–3.  Moreover, in five of those cases, courts struck affirmative defenses, demonstrating that courts are not as "hostile" towards such motions as Defendant argues.  *See Aros v. United Rentals, Inc.*, No. 3:10-cv-73(JCH), 2011 WL 5238829 at *5 (D. Conn. Oct. 31, 2011) (striking eight withdrawn affirmative defenses and two contested affirmative defenses); *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (striking thirty-one affirmative defenses); *United States v. Iron Mountain Mines, Inc.*, 812 F. Supp. 1528, 1535 (E.D. Cal. 1992) (opinion underlying reconsideration decision struck numerous affirmative defenses in CERCLA litigation); *United States v. 729.773 Acres of Land, More or Less, Situated in City and County of Honolulu*, 531 F. Supp. 967, 971 (D. Haw. 1982) (striking five affirmative defenses as legally insufficient); *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (striking twenty affirmative defenses across multiple defendants).  Plaintiff's authority cited in its motion—and ignored by Defendant—also demonstrates that courts in this district and elsewhere have granted motions to strike affirmative defenses, including defenses similar to those alleged by Defendant.

## II.  STRIKING DEFENDANT'S AFFIRMATIVE DEFENSES WILL PRESERVE RESOURCES AND STREAMLINE LITIGATION

Contrary to Defendant's assertion, granting Plaintiff's motion to strike will streamline this litigation.  Doc. 15 at 1.[1]  If Defendant's insufficient defenses were to remain, Plaintiff would need to address them through subsequent motion practice or at trial.  In addition, Plaintiff

---

[1]  Defendant also argues that a showing of prejudice may be required for a motion to strike to be granted.  Doc. 15 at 14.  However, courts in this district have held to the contrary.  *See, e.g.*, *Houston Cas. Co. v. Crum & Forster Ins. Co.*, No. 1:16-cv-535-LJO-EPG, 2016 WL 449444, at *5 (E.D. Cal. Aug. 25, 2016) (finding that the movant did not need to show prejudice for the Court to grant its motion to strike); *see also Television Educ.., Inc. v. Contractors Intelligence Sch., Inc.*, No. 2:15-1433, 2016 WL 7212791, at *1 n.3 (E.D. Cal. Dec. 12, 2016).

1  would need to conduct discovery as to at least some of the defenses.  Granting Plaintiff's motion

2  avoids these unnecessary efforts and would streamline the issues in this case.

3  **III.  DEFENDANT'S AFFIRMATIVE DEFENSES NOS. 2–8 AND 11–13 SHOULD BE**

4  **STRICKEN BECAUSE THEY ARE NOT AFFIRMATIVE DEFENSES**

5  **A.  Plaintiff's Recitation of the Legal Standard Is Correct and Supported by**

6  **Defendant's Authority**

7         Contrary to Defendant's suggestion in its Opposition, there is no complex "riddle" as to

8  what constitutes an affirmative defense as the Federal Rules of Civil Procedure and case law

9  clearly define the parameters of such defenses.  As set forth in Plaintiff's motion (Doc. 11-1 at

10  3), under Rule 8(c), an "affirmative defense … is a defense that does not negate the elements of

11  the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's

12  claim are proven."  *Barnes v. AT&T Pension*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010)

13  (citation omitted).  Defendant ignores this and other supporting authority cited by Plaintiff.

14         Defendant instead appears to focus on "avoidances" as somehow supporting its

15  argument against striking its affirmative defenses.  Doc. 15 at 3–6.   Defendant contends that

16  "Rule 8(c) encompasses any defensive allegations that: (1) admit the allegations of the

17  complaint, but suggest a reason why there is no right to recovery; or (2) concern claims outside

18  of the plaintiff's *prima facie* case."  Doc. 15 at 4 (citing *Juracek v. City of O'Fallon, Ill.,* No.

19  05-787-GPM, 2007 WL 4225591, at *2 (S.D. Ill. 2007)).  That authority, however, supports

20  Plaintiff's authority that negative defenses are not affirmative defenses.  Indeed, *Juracek* further

21  explained that "neither matters that must be pleaded and proved by a plaintiff as part of its prima

22  facie case nor averments in an answer that challenge the plaintiff's ability to prove such matters

23  constitute an avoidance or affirmative defense for purposes of Rule 8(c)."  *Id.* at *2.

24  **B.  Defendant Does Not Dispute that Its Affirmative Defense Nos. 2–8, 11, and 12 Are**

25  **Negative Defenses**

26         Defendant concedes that its Affirmative Defense Nos. 2–8, 11, and 12 are denials of

27  elements of Plaintiff's *prima facie* case, and therefore do not constitute affirmative defenses.

28  Specifically, Defendant admits that its Affirmative Defense Nos. 5, 7, and 8 "speak directly to

Defendant's intent and to consumer impact, both of which are critical to determinations of appropriate relief, <u>as well as to the elements of Plaintiff's unfair competition and trademark infringement allegations.</u>"  Doc. 15 at 6–7 (emphasis added).  Defendant also admits that its Affirmative Defense Nos. 2–4, 6, 11, and 12 "<u>speak directly to specific elements of Plaintiff's causes of action.</u>"  Doc. 15 at 7 (emphasis added).  Defendant cites no countervailing authority indicating that any of these "affirmative defenses" that it characterizes as "avoidances" are proper affirmative defenses.

## C.   Defendant's Affirmative Defense No. 13 ("Additional Defenses") Should Be Stricken

Defendant ignores the authority cited by Plaintiff from this district that Defendant's "reservation of rights" defense is not an affirmative defense and should be stricken.  Instead, Defendant focuses on authority from other districts, specifically *Bishop v. Goodyear Tire*, No. 5:13-cv-5062-JLV, 2016 WL 1389590, *2 (D.S.D. April 4, 2016) and *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982).  Defendant cites *Bishop* to support its assertion that "[a]ffirmative defenses are typically pled liberally, and frequently include a 'catch-all' defense designed to protect the defendant from admitting damaging facts by mistake or inadvertently waiving a defense."  Doc. 15 at 5.  But that case does not support Defendant's sweeping characterization.  *Bishop* did not involve a motion to strike a "catch-all" defense.  The court in *Bishop* merely held that the defendants did not waive their statutory right to a choice of law determination because they had pled that they were asserting all available defenses pursuant to any statute governing plaintiff's claims.  *Bishop*, 2016 WL 1389590 at *2.

Defendant cites *Bobbitt* to assert that asserting "catch all" defenses "is justified, and arguably necessary, to avoid the dangers of waiving an otherwise valid defense."  Doc. 15 at 5.  But a "catch all" affirmative defense was not an issue in *Bobbitt*.  The court in *Bobbitt* explained that "[i]n the real world, however, failure to plead an affirmative defense will rarely result in waiver.  Affirmative defenses – like complaints – are protected by the direction of Rule 15(a) that courts are to grant leave to amend pleadings 'freely … when justice so requires.'"  *Bobbitt*, 532 F. Supp. at 736.  The court then proceeded to strike six of the eight contested affirmative

1   defenses.  *Id.* at 737–39.

2          Moreover, one of Defendant's cited authorities, *Enough for Everyone, Inc. v. Provo*

3   *Craft & Novelty, Inc.*, No. 11-cv-1161, 2012 WL 177576, at *3 (C.D. Cal. Jan. 20, 2012),

4   granted a motion to strike a "reservation" defense because it was not an affirmative defense.

5   **IV.  DEFENDANT'S AFFIRMATIVE DEFENSE NO. 9 (UNCLEAN HANDS) SHOULD**

6   **BE STRICKEN BECAUSE IT FAILS TO PROVIDE FAIR NOTICE**

7          Defendant argues that numerous courts have held that the *Twombly-Iqbal* "plausibility"

8   standard does not apply to affirmative defenses.  Doc. 15 at 8–9.  However, Plaintiff did not

9   argue that Defendant's affirmative defense of unclean hands fails to meet the *Twombly-Iqbal*

10   standard.  *See* Doc. 11 at 2–3, 7.  Rather, Plaintiff argued the defense should be stricken because

11   it fails to meet even the "fair notice" standard as set forth by the Ninth Circuit in *Wyshak v. City*

12   *National Bank.  Id.*

13          Defendant asserts that its unclean hands affirmative defense "contains language

14   sufficient to allow Plaintiff to easily discern the bases for the defense."  Doc. 15 at 11.  But

15   Defendant does not dispute that the affirmative defense fails to recite any facts whatsoever to

16   support that Plaintiff somehow acted with unclean hands.

17          Ignoring Plaintiff's cited authority, Defendant argues that "a mere statement that [the]

18   defendant intends to assert the [unclean hands] defense is sufficient under the Rules."  Doc. 15

19   at 13.  But Defendant ignores authority it cites in its opposition that struck an unclean hands

20   affirmative defense because it "provides no basis for an assertion of unclean hands."  *Kohler v.*

21   *Islands Rests., LP*, 280 F.R.D. 560, 572 (S.D. Cal. 2012), *cited* in Doc. 15 at 12–13.

22          Defendant also relies on *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir.

23   2010), but does not explain how it supports its assertion in any way.  Doc. 15 at 13.  Regardless,

24   *Simmons* is distinguishable.   First, *Simmons* did not involve an unclean hands defense.

25   *Simmons*, 609 F.3d at 1023.  Second, the Court held that the defendant's answer adequately

26   raised a defense of a deficient notice of claim because, among other things, (1) its answer denied

27   the related allegation; (2) the defendant's motion for leave to amend its answer specifically

28   argued the defense "and contained lengthy legal argument to the effect"; and (3) the plaintiff

addressed the arguments in its response brief.  *Id.*  That is not the situation here.

Defendant further argues that it need not recite any facts in support of its unclean hands defense because it has not conducted any investigation nor had the opportunity to conduct any investigation to support the defense.  Doc. 15 at 11–12.  By making that assertion, Defendant effectively concedes it is unaware of any facts supporting the defense.  Defendant's argument also ignores the requirements associated with Fed. R. Civ. P. Rule 8 and suggests that Defendant and its counsel may have violated Fed. R. Civ. P. Rule 11.  *See Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 993 n.2 (E.D. Cal. 2016) ("[Defendant's] suggestion would make an end-run around Rule 8 and Rule 15(a)(2) of the Federal Rules of Civil Procedure.  If a defendant can allege no facts in support of a defense, that defendant must not plead it.  If a defendant later discovers facts that might indicate that an affirmative defense might apply, it may seek leave to amend to add that affirmative defense.  Moreover, this Court agrees with Plaintiff's assessment that allowing affirmative defenses pled without any investigation into the underlying factual basis implicates Rule 11 concerns.").

**V.   <u>AFFIRMATIVE DEFENSE NO. 10 ("PRIORITY") IS DEFICIENT AS PLED</u>**

Plaintiff sought to strike Defendant's priority affirmative defense because it is conclusory and fails to give fair notice of the defense being asserted.  Doc. 11 at 7–8.  For example, the defense fails to identify those marks of Plaintiff for which Defendant claims to have priority.  *Id.*

Defendant has represented for the first time in its Opposition that the "precise marks relied upon by Plaintiff that Defendant asserts are junior to Defendant's marks" are identified in Paragraph 13 of its Answer.  Doc. 15 at 10–11.  Plaintiff disagrees that Defendant has priority as to those marks.  However, provided that Defendant amended its affirmative defense to identify those marks of Plaintiff for which Defendant asserts to have priority, Plaintiff would agree that the defense need not be stricken for lack of providing fair notice as to the identity of Plaintiff's marks.  However, the defense as presently pled is deficient.

/ / /

/ / /

## VI.  THE COURT SHOULD NOT GRANT DEFENDANT LEAVE TO AMEND AFFIRMATIVE DEFENSE NOS. 2–9 AND 11–13 BECAUSE THE AMENDMENTS WOULD BE FUTILE

Courts consider futility of a potential amendment in determining whether to grant leave to amend.  *See*, *e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("futile amendments should not be permitted").  Here, because Affirmative Defense Nos. 2–8 and 11–13 are not affirmative defenses, any amendment would be futile.  Also, any amendment to Affirmative Defense No. 9 regarding unclean hands would be futile because Defendant admits that it has not conducted any investigation to support the defense.  Doc. 15 at 11–12. Accordingly, the Court should not grant leave to amend.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:    December 1, 2017          By:  /s/  Marko R. Zoretic
                                             Steven J. Nataupsky
                                             Lynda J. Zadra-Symes
                                             Matthew S. Bellinger
                                             Marko R. Zoretic

                                         Attorneys for Plaintiff
                                         MONSTER ENERGY COMPANY

Reply re Mtn Strike Affirmative Defenses
Case No. 2:17-CV-01605-KJM-EFB

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On December 1, 2017, I served **MONSTER ENERGY COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE NOS. 2–13** on counsel for BeastUp LLC as shown below

**VIA THE COURT'S ECF/CM SYSTEM:**

Eve J. Brown
BRICOLAGE LAW, LLC
1080 Beacon Street, Suite 4D
Brookline, MA  02446
(508) 734-3404
ejbrown@bricolagelaw.com


I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 1, 2017, at Irvine, California.

*/s/ Marko R. Zoretic*
Marko R. Zoretic

27123863