Steven J. Nataupsky (CA SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (CA SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew Bellinger (CA SBN 222228)
matt.bellinger@knobbe.com
Marko R. Zoretic (CA SBN 233,952)
Marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY


Eve J. Brown
ejbrown@bricolagelaw.com
BRICOLAGE LAW, LLC
1080 Beacon Street, Suite 4D
Brookline, MA 02446
Telephone: (508) 734-3404

Attorney for Defendant
BEASTUP LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>BEASTUP LLC, a California limited liability company,<br><br>             Defendant. | Case No. 2:17-CV-01605-KJM-EFB<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>Magistrate Edmund F. Brennan |

**1.** <u>**PURPOSES AND LIMITATIONS**</u>

Plaintiff Monster Energy Company ("Plaintiff") and Defendant Beastup LLC ("Beastup"), recognizing that each may have materials containing trade secret or other confidential research, technical, cost, price, sales, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Stipulated Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.** <u>**GOOD CAUSE STATEMENT**</u>

This action is likely to involve trade secrets, customer and pricing information and other valuable research, marketing, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, marketing, development, or commercial information (including information implicating confidentiality rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that

information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.  ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Local Civil Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**4.  DEFINITIONS**

4.1  Action: this pending federal law suit.

4.2  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.6  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter, or otherwise produced or generated in the course of this litigation, including without limitation production documents, electronically stored information, things, answers to interrogatories, responses to requests for admissions, and depositions, as well as testimony adduced at trial or a hearing or any matters in evidence.

4.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, that is extremely sensitive information the disclosure of which to another party or non-party would likely harm the competitive position of the party producing the information.  Examples of information that could be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY include sales volumes, sales units, cost of goods sold, price structures, discounts, business costs, profits, margins, technical documents, marketing strategies, competitive business plans, and the identity of customers.

4.9     House Counsel: attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

4.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, computer database preparation, document coding, and organizing, storing, or retrieving data in any form

or medium) and their employees and subcontractors.

4.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully under no obligation of confidentiality to the Designating Party.

**6.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**7.     DESIGNATING PROTECTED MATERIAL**

7.1     Exercise of Restraint and Care in Designating Material for Protection.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2     Manner and Timing of Designations.   Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIALITY legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY legend" to each page that contains Protected Material.

(b)     For a deposition transcript, the Producing Party shall designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice to all counsel of record after service of the final deposition transcript. If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition, such written notice shall be provided to all counsel of record within fourteen (14) days after completion and service of the final transcript. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as provided for in the written notice. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Paragraph 9.3 below for a period of fourteen (14) days after completion and service of the final transcript, except that portions of the transcript may be filed under seal with the Court in connection with these proceedings. Documents or things used as exhibits at a deposition that a party desires to be subject to this Stipulated Protective Order shall be separately stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The disclosing party will have the right to exclude from attendance at a deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel, the court reporter, the videographer, designated experts, and any person(s) agreed upon by counsel for the disclosing party.

/////

(c)      For information produced in some form other than documentary (including, without limitation, electronically stored information produced in native format) and for any other tangible items, that the Producing Party affix in a prominent place on the media or exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3      <u>Inadvertent Failures to Designate</u>. The inadvertent or unintentional disclosure by a Party or Non-Party of Disclosure or Discovery Material which it believes should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," regardless of whether it was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Party's or Non-Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Party or Non-Party notifies the Receiving Party as soon as reasonably practicable after discovery of the inadvertent or unintentional failure to designate but in no event more than 14 business days.  If a Party or Non-Party inadvertently or unintentionally produces or discloses Protected Material without designating it as such, the Party or Non-Party may give written notice to the Receiving Party or Parties that the Disclosure or Discovery Material is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and should be treated in accordance with the provisions of this Stipulated Protective Order. The Receiving Party or Parties must treat such Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," from the date such notice is received.  Disclosure of such Disclosure or Discovery Material, prior to receipt of such notice, to persons not authorized to receive Protected Material shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made are to be advised that the Protected Material

disclosed is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and must be treated in accordance with this Stipulated Protective Order.

**8.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 251.

8.3 <u>The burden of persuasion in any such challenge proceeding shall be on the Designating Party</u>. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**9.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and other

attorneys from Outside Counsel of Record's law firm, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters, videographers and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.3     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating

Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and other attorneys from Outside Counsel of Record's law firm, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters, videographers and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement

with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

If a Receiving Party discovers that privileged Disclosure or Discovery Material has been inadvertently or unintentionally produced, it shall notify the Producing Party in writing as soon as reasonably practicable after learning of the inadvertent disclosure but in no event more than 14 business days. If a Party through inadvertence produces or provides Disclosure or Discovery Material which it believes is subject to a claim of an applicable privilege, the Producing Party may give written notice to the Receiving Party or Parties that the Disclosure or Discovery Material is subject to a claim of privilege and request that it be returned to the Producing Party. If a Producing Party or Non-Party requests the return, pursuant to this paragraph, of any Disclosure or Discovery Material, the Receiving Party or Parties shall not use or disclose, and shall immediately return to the Producing Party all copies of such Disclosure or Discovery Material or confirm that all copies have been destroyed. Return of the Disclosure or Discovery Material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned Disclosure or Discovery Material is, in fact, properly subject to a claim of privilege nor shall it foreclose any Party from moving the court for an order that such Disclosure or Discovery Material has been improperly designated for reasons other than a waiver caused by the inadvertent production.

/////

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Stipulated Protective Order.

14.3    <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**15.    FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that states all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

**16.** <u>**VIOLATION**</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


**IT IS SO ORDERED.**

Dated: December 7, 2017.

Hon. Edmund F. Brennan
United States Magistrate Judge

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:    December 5, 2017          By: _/s/ Marko R. Zoretic_
                                         Steven J. Nataupsky
                                         Lynda J. Zadra-Symes
                                         Matthew S. Bellinger
                                         Marko R. Zoretic

                                    Attorneys for Plaintiff
                                    MONSTER ENERGY COMPANY


                                    BRICOLAGE LAW, LLC

Dated:    December 5, 2017          By: _/s/ Eve J. Brown_
                                    _(with permission Marko R. Zoretic)_
                                         Eve J. Brown

                                    Attorney for Defendant
                                    BEASTUP LLC

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Eastern District of California in the

case of *Monster Energy Company v. Beastup LLC,* Case No. 2:17-CV-01605-KJM-EFB.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.


Date: _____

City and State or Nation where sworn and signed: _____

Printed name: _____

Signature: _____