Eve J. Brown (CA SBN 247051)
ejbrown@bricolagelaw.com
BRICOLAGE LAW, LLC
1080 Beacon Street, Suite 4D
Brookline, MA  02446
(508) 734-3404

Attorney for Defendant
BEASTUP LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BEASTUP LLC, a California limited liability company,<br><br>    Defendant. | Case No. 2:17-CV-01605-KJM-EFB<br><br>Hon. Kimberly J. Mueller<br><br>**DEFENDANT'S SETTLEMENT STATUS REPORT** |

1    Pursuant to the hearing of December 8, 2017 before this Court and the Court's Order
2  following that hearing (Doc. 25), Defendant submits this settlement status report. The Parties
3  disagree in their interpretations of their settlement discussions, and have accordingly filed their
4  status reports separately.
5    Defendant's experience of the Parties' interactions is as follows. On December 6, 2017,
6  Defendant's owner and CEO, Robert Waelty, a fire chief in Red Bluff, was dispatched to
7  Southern California by CAL FIRE to fight historically destructive wildfires that had erupted in
8  Ventura County, triggering a state of emergency. *See, e.g.,* Scott Wilson, Mark Berman, and Eli
9  Rosenberg, *Ferocious wildfires ravage Southern California, evacuating communities and*
10 *destroying homes*, Wash. Post (Dec. 7, 2017),
11 http://wapo.st/2AB42Xz?tid=ss_mail&utm_term=.94d000a24c08. Not knowing when Mr.
12 Waelty would return to Northern California, and without being able to communicate regularly
13 with him, Mr. Waelty's wife, Michelle Waelty, contacted counsel to request a postponement of
14 the upcoming December 8, 2017 court hearing. Immediately after receiving Mrs. Waelty's call,
15 Defendant's counsel contacted Plaintiff's counsel to ask permission to file a stipulated request
16 for a temporary stay.
17   Defendant's counsel was able to very briefly communicate with Mr. Waelty during this
18 time, at which point, concerned over the toll this litigation would take on his family and the
19 survival of his business, Mr. Waelty decided to consider a settlement with Plaintiff.
20 Defendant's hope was that a reasonable resolution could be reached that would allow both
21 Parties to walk away with a fair result, avoiding the next several years and potentially hundreds
22 of thousands of dollars in legal costs. Other than introducing the possibility of opening
23 negotiations, however, no details or terms were discussed before Mr. Waelty was again
24 dispatched and unable to communicate further until after the scheduled hearing.
25   Taking advantage of the timing and urgency of Defendant's position, Plaintiff imposed a
26 condition on its approval to the stipulated motion. In exchange for its signature on the motion
27 for a continuance, Plaintiff demanded a written statement that any anticipated settlement would
28 include Defendant's cessation of all use of its mark. Defendant's counsel responded to

Plaintiff's demand as follows:

> I am uncomfortable including the terms of a potential settlement, since we have not yet begun negotiations. It does not appear necessary to include at this juncture, and as part of this particular motion. We are hoping to negotiate a resolution and, as I mentioned yesterday, my client is open to changing or transferring his mark. However, ***what that looks like, what the exchange would be, and what the conditions would be are yet to be determined***.

E-mail from Eve J. Brown to Matthew Bellinger, dated December 7, 2017 at 10:30 a.m., attached as Exhibit A (emphasis added).

The Parties communicated several more times prior to the hearing, during which Defendant's counsel maintained that she could not file Plaintiff's statement or agree to Plaintiff's demands, and that she did not have authorization to make specific promises. E-mail exchanges between Eve J. Brown and Matthew Bellinger, attached as Exhibit B. Plaintiff's counsel was resolute, insisting that the settlement statement be included.

Defendant filed the least objectionable version of the motion that Plaintiff would agree to sign. Intentionally omitted was language indicating that any specific outcome would be reached other than the general statement that, under unascertained terms, the Parties hoped to reach agreement whereby Defendant would cease operations and the litigation would be resolved in its entirety. *See* Motion to Continue Proceedings, filed on December 7, 2017 as Doc. 22. Defendant's counsel then scheduled a phone call with Plaintiff's counsel to begin discussing and negotiating actual terms. E-mail from Eve J. Brown to Matthew Bellinger, dated December 7, 2017 at 3:45 p.m., included as part of Exhibit B.

On December 12, 2017, the Parties held a phone conference, during which the first and only specific settlement discussion began. It quickly became clear during the call that the Parties' positions were not aligned. While Defendant was expecting to engage in mutual negotiations, Plaintiff was closed to any resolution other than Defendant shutting down completely, with no concessions by Plaintiff whatsoever.

Because Defendant rigorously believes that it has committed no wrongdoing, and because it has expended over $200,000 to build its business and related intellectual property

assets, consumer recognition, and goodwill over the last nine years, Plaintiff's position was untenable. Discussions deteriorated, and Defendant renewed its commitment to defending against this lawsuit.

On December 18, 2017, Defendant sent a simple joint settlement status report to Plaintiff for review. Exhibit C. And the circus began again. Once more, Plaintiff spent an inordinate amount of time and effort trying to strongarm Defendant into filing a one-sided and misleading document with the Court. Exhibit D. The rancorous exchange that followed led to the separate status report filings now before the Court.

The Parties are not presently engaged in any further settlement discussions. The Parties agree that participating in a Court convened settlement conference would be unproductive at this time, given the distance between their respective positions. The Parties wish to resume the proceedings according to the schedule set forth by the Court.

Defendant will file an Amended Answer to the Complaint to resolve the Parties' separate dispute over Defendant's Affirmative Defenses.

        Respectfully submitted,

        BRICOLAGE LAW, LLC

Dated: January 5, 2018    /s/ Eve J. Brown

        Attorney for Defendant
        BEASTUP LLC