BRICOLAGE LAW, LLC
Eve J. Brown
ejbrown@bricolagelaw.com
128 School Street
Walpole, MA 02081
(508) 734-3404


Attorney for Defendant,
BEASTUP LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>BEASTUP LLC,<br><br>            Defendant. | Case No.: 2:17-CV-01605-KJM-EFB<br><br>**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant's Answer was originally filed on September 8, 2017. In a hearing before this Court on December 8, 2017, Plaintiff motioned to strike Defendant's Affirmative Defenses 2-13 from the original Answer. After hearing from the parties, the court denied the Motion to Strike and directed the parties meet and confer.

After conferring with Plaintiff, Defendant prepared and hereby submits this Amended Answer. Defendant submits this pleading with the understanding that, should information obtained during discovery justify the assertion of additional defenses, Defendant may seek leave to amend its Answer under Fed. R. Civ. P. 15(a)(2).

## JURISDICTION AND VENUE

1.      Defendant admits that Plaintiff has brought an action for the claims listed in Paragraph 1 of the Complaint.

2.      Defendant admits that this Court has subject matter jurisdiction over this action.

3.      Defendant admits that this Court has personal jurisdiction over Defendant. Defendant denies that Defendant has committed the acts alleged in Paragraph 3 of the Complaint.

4.      Defendant admits that venue is proper in this Judicial District.

5.      Defendant admits that MEC is a corporation organized and existing under the laws of the State of Delaware, and that Plaintiff's principal place of business is located at 1 Monster Way in Corona, California.

6.     Defendant admits that BeastUp is an LLC organized and existing under the laws of the State of California, and that Defendant's principal place of business is located at 1235 Jefferson Street in Red Bluff, California.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

**A.     Monster Energy Company's Trademarks**

7.     Denied.

8.     Defendant admits that MEC launched one or more products in 2002. Defendant denies that any of MEC's marks are famous. Defendant lacks knowledge or information sufficient to ascertain whether the images in Paragraph 8 of MEC's Complaint are accurate representations of the can design that MEC sold in 2002, and therefore denies the allegation as written. Defendant admits that the images in Paragraph 8 of the Complaint appear to depict one of many versions of MEC's can design as sold in 2017.

9.     Defendant admits that the pictured cans purport to be examples of Plaintiff's use of a design mark identified on the United States Patent and Trademark Office's Principal Register as "THE LETTER M IN THE FORM OF A CLAW MARK" and identified by both Plaintiff and the USPTO as bird or raptor talons (hereinafter, MEC's "'M' Design"). Defendant otherwise lacks knowledge

or information sufficient to believe the truth or accuracy of the allegations in Paragraph 9 of the Complaint, and on that basis, denies such allegations.

10.    Defendant lacks knowledge or information sufficient to believe the truth or accuracy of the allegations in Paragraph 10 of the Complaint, and on that basis, denies such allegations.

11.    Defendant admits that the pictured can purports to be an example of Plaintiff's UNLEASH THE BEAST trademark as used on one of Plaintiff's product offerings, and as it appears on beverages sold in 2017. Defendant lacks knowledge or information sufficient to believe the truth or accuracy of the remaining allegations in Paragraph 11 of the Complaint, and on that basis, denies such allegations.

12.    Defendant lacks knowledge or information sufficient to believe the truth or accuracy of the allegations in Paragraph 12 of the Complaint, and on that basis, denies such allegations. Defendant further denies that any of the marks listed in Paragraph 12 of the Complaint predate Defendant's adoption and first use of Defendant's mark.

13.    Defendant admits that the table provided in Paragraph 13 of the Complaint accurately reflects information recorded in the United States Patent and Trademark Office's trademark database. Without further research, Defendant lacks

knowledge or information sufficient to ascertain whether the marks listed in

Paragraph 13 of the Complaint are valid and subsisting, or whether Plaintiff is the

rightful owner. Defendant denies that Plaintiff's marks are famous. Defendant

further denies that Plaintiff's "BEAST-inclusive marks" and the following marks

relied upon by Plaintiff are senior to or have priority rights over Defendant's mark:

| Registration No. | Filing Date |
|---|---|
| 3,908,600 | 04/02/2009 |
| 3,908,601 | 04/02/2009 |
| 3,914,828 | 04/02/2009 |
| 3,923,683 | 04/02/2009 |
| 3,963,668 | 07/27/2010 |
| 3,963,669 | 07/28/2010 |
| 4,011,301 | 07/27/2010 |
| 4,051,650 | 07/27/2010 |
| 4,332,062 | 10/05/2012 |

14.     Defendant admits that Exhibits A1-A13 to the Complaint accurately

reflect information recorded in the United States Patent and Trademark Office's

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 5

trademark database. Without further research, Defendant lacks knowledge or information sufficient to ascertain whether the cited registrations are valid and subsisting, or whether Plaintiff is the rightful owner.

15.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 15 of the Complaint, and on that basis, denies such allegations.

16.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 16 of the Complaint, and on that basis, denies such allegations.

17.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of paragraph 17 of the Complaint, and on that basis, denies such allegations.

18.     Defendant admits that Exhibits B1-B3 to the Complaint accurately reflect information recorded in the United States Patent and Trademark Office's trademark database. Without further research, Defendant lacks knowledge or information sufficient to ascertain whether the cited registrations are valid and subsisting, whether the dates of first use claimed are truthful and accurate, or whether Plaintiff is the rightful owner.

19.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 19 of the Complaint, and on that basis, denies such allegations.

20.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 20 of the Complaint, and on that basis, denies such allegations.

21.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 21 of the Complaint, and on that basis, denies such allegations.

22.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 22 of the Complaint, and on that basis, denies such allegations.

23.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of paragraph 23 of the Complaint, and on that basis, denies such allegations.

24.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of paragraph 24 of the Complaint, and on that basis, denies such allegations.

25.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 25 of the Complaint, and on that basis, denies such allegations.

26.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 26 of the Complaint, and on that basis, denies such allegations.

27.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 27 of the Complaint, and on that basis, denies such allegations.

28.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of paragraph 28 of the Complaint and on that basis, denies such allegations.

29.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 29 of the Complaint, and on that basis, denies such allegations.

30.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 30 of the Complaint, and on that basis, denies such allegations.

31.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of paragraph 31 of the Complaint and on that basis, denies such allegations.

32.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of paragraph 32 of the Complaint and on that basis, denies such allegations.

33.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of paragraph 33 of the Complaint and on that basis, denies such allegations.

34.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of paragraph 34 of the Complaint and on that basis, denies such allegations.

35.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 35 of the Complaint, and on that basis, denies such allegations.

36.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 36 of the Complaint, and on that basis, denies such allegations.

37.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 37 of the Complaint, and on that basis, denies such allegations.

38.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 38 of the Complaint, and on that basis, denies such allegations.

**B.     Defendant's Activities**

39.     Admitted.

40.     Defendant admits that it has never requested or obtained permission from Monster Energy Company to sell or promote Defendant's goods, as MEC's permission to use the generic word BEAST in commerce is not and has never been necessary. Defendant denies that it has ever sold, offered to sell, and/or marketed energy drinks and related goods bearing logos that are confusingly similar to MEC's "M" Design. Defendant admits that the pictures included in Paragraph 40 of the Complaint accurately depict one of Defendant's goods and the promotion thereof.

41.     Defendant denies using any logo that imitates MEC's "M" Design. Defendant further denies that the ornamental lines on the side of Defendant's former can design as shown in Paragraph 41 of the Complaint are used as logos or

trademarks. Defendant's word mark is BEASTUP. Defendant's design logo is

comprised of a stylized letter "B" in the color white, intertwined with a stylized

letter "U" in the letter red. Defendant denies that the side-by-side images of

Defendant's can and Plaintiff's (subsequently created) white "Monster Energy

Zero Ultra" can are accurate representations of either party's marks. True and

correct representations of Defendant's "BU" design and Plaintiff's "M" Design are

below.

  

42.    Defendant denies using any logo that is confusingly similar to MEC's

"M" Design. Defendant further denies using claws as part of any logo or

trademark. Defendant denies that BEASTUP is confusingly similar to UNLEASH

THE BEAST! or UNLEASH THE NITRO BEAST! Defendant denies that there is

a likelihood of confusion between Plaintiff's BEASTUP products and marks and

Defendant's M MONSTER ENERGY and UNLEASH THE BEAST! products and

marks. Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 42 of the Complaint concerning the priority of Plaintiff's UNLEASH THE BEAST! and UNLEASH THE NITRO BEAST! marks, and on that basis, denies such allegations.

43.   Defendant denies the accuracy of the statement in Paragraph 43 of the Complaint that "Defendant sells the Accused Products through the same retail outlets" as Plaintiff's beverages. Other than the single instance depicted in Paragraph 43 of the Complaint, which Defendant posted on social media specifically because it was rare and therefore notable for Defendant – a small, locally-based, independent business -- to be featured in a retail store alongside mega brands such as Plaintiff Monster Energy Company, Rockstar Energy, and Pepsi, Defendant is not currently aware of circumstances in which Plaintiff's and Defendant's goods are sold in the same stores. Defendant further denies that Defendant's goods are sold "next to" Plaintiff's goods in a confusing manner, as the image put forth by Plaintiff depicts Plaintiff's products on a regular shelf among other large, established brands, while Defendant's cans are on a separate "special" cart highlighting a new local offering. Defendant also notes that Plaintiff's and Defendant's cans are clearly distinguishable in Plaintiff's photograph, and that the word "BEAST" is not visible on Plaintiff's products.

44.    Defendant admits that one of Defendant's product lines is an energy drink. Defendant has no knowledge or information regarding Plaintiff's channels of trade or customer demographics, and on that basis, denies the remainder of the claims in Paragraph 44 of the Complaint.

45.    Denied that Defendant has committed infringing acts towards Plaintiff, and denied that Defendant has attempted to associate itself with Plaintiff. The social media image put forth by Plaintiff in Paragraph 45 of the Complaint depicts a race car driver sponsored by Defendant. Defendant does not recall when it first became aware of Monster Energy Company, but denies that Plaintiff's existence was in any way related to Defendant's selection or adoption of its BEASTUP word or design mark.

46.    Defendant admits that it promotes its brand at monster truck and other extreme sporting events. Defendant does so because these events are consistent with the BeastUp brand and are well attended by BeastUp consumers. BeastUp was founded and is operated by a family of extreme sports enthusiasts, including CEO Robert Waelty, a Northern California firefighter and a veteran of the Unites States' Army's 82nd Airborne Division; Mr. Waelty's son, Jessee Waelty, a professional Motocross racer; and John Waelty, a retired K-9 officer and Vietnam

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 13

veteran. Defendant denies that any of the images in Paragraph 46 of the Complaint indicate any likelihood of confusion or false association with Plaintiff.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Admitted that Defendant's sale and promotion of Defendant's own products, under Defendant's BEASTUP and "BU" marks, is willful and deliberate. Denied that such acts are unlawful, infringing, or harmful to Plaintiff, and that Defendant willfully or deliberately infringed or harmed Plaintiff's property.

52.    Denied.

53.    Denied.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Under

### 15 U.S.C. § 1125(a))

54.    Defendant hereby repeats, and incorporates by reference, Paragraphs 1-53 of this Answer as 8 though set forth fully herein.

55.    Defendant admits that Plaintiff has filed an action against Defendant under 15 U.S.C. § 1125(a).

56.     Defendant is without sufficient knowledge or information to believe the truth or accuracy of the allegations of Paragraph 56 of the Complaint, and on that basis, denies such allegations.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

63.     Defendant hereby repeats, and incorporates by reference, Paragraphs 1-62 of this Answer as though set forth fully herein.

64.     Defendant admits that Plaintiff has filed an action against Defendant under 15 U.S.C. § 1114.

65.     Defendant admits the marks listed in Paragraphs 13, 16, and 17 of the Complaint are registered in the United States Patent and Trademark Office's trademark database. Without further research, Defendant lacks knowledge or

information sufficient to ascertain whether the marks are valid and subsisting, whether Plaintiff is the rightful owner, or whether the marks are enforceable against Defendant.

66.   Denied.

67.   Denied.

68.   Denied.

69.   Denied.

70.   Denied.

71.   Denied.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution Under 15 U.S.C. § 1125(c))

72.   Defendant hereby repeats, and incorporates by reference, Paragraphs 1-71 of this Answer as though set forth fully herein.

73.   Defendant admits that Plaintiff has filed an action against Defendant under 15 U.S.C. § 1125(c).

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.    Denied.

79.    Denied.

## FOURTH CLAIM FOR RELIEF

### (Petition for Cancellation of U.S. Trademark Registration No. 4,584,629)

80.    Defendant hereby repeats, and incorporates by reference, Paragraphs 1-79 of this Answer as though set forth fully herein.

81.    Defendant admits that Plaintiff has filed an action to cancel Defendant's registered trademark under 15 U.S.C. § 1119.

82.    Admitted.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under California Business & Professions Code §§ 17200)

88.    Defendant hereby repeats, and incorporates by reference, Paragraphs 1-87 of this Answer as though set forth fully herein.

89.     Defendant admits that Plaintiff has filed an action against Defendant under California Business & Professions Code §§ 17200, et seq.

90.     Denied.

91.     Denied.

92.     Denied.

## SIXTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

93.     Defendant hereby repeats, and incorporates by reference, Paragraphs 1-92 of this Answer as though set forth fully herein.

94.     Defendant admits that Plaintiff has filed an unfair competition action against Defendant under the common law of the State of California, but denies any wrongdoing under any such law.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 18

## AFFIRMATIVE DEFENSES

100.   By alleging the Affirmative Defenses set forth below, Defendant does not agree or concede that it bears the burden of proof or the burden of persuasion on any of those issues, whether in whole or in part.  Subject to the foregoing, Defendant hereby asserts the Affirmative Defenses to Plaintiff's Complaint as follows.

## FIRST AFFIRMATIVE DEFENSE

### (Laches, Waiver and/or Acquiescence)

101.   Plaintiff's action is barred by the doctrines of laches, waiver, and/or acquiescence.  Defendant's marks have been in open, continuous, and extensive use by Defendant for more than eight (8) years for "hats and shirts," and for more than three (3) years for "sports drinks, namely, energy drinks" prior to the filing of this action. Although, upon information and belief, Plaintiff was aware of Defendant's use, Plaintiff slept on its alleged rights, making no attempt to contact Defendant, to enjoin Defendant's use of Defendant's mark, or to obtain a judicial determination until 2017. Defendant has invested substantial time and money in the building of its brand and the promotion and advertising of its marks, and has built up eight years of valuable goodwill and consumer recognition. Plaintiff is therefore estopped from alleging that any acts of Defendant now constitute an

infringement of Plaintiff's alleged trademark rights. Plaintiff is particularly estopped from claiming the need for a preliminary injunction, because the substantial amount of time that has passed since Plaintiff's causes of action allegedly arose contradicts Plaintiff's claim of urgency.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

102.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands. Plaintiff has engaged in a pattern of filing frivolous lawsuits against legitimate trademark owners in order to acquire a greater monopoly over generic words and phrases than the Lanham Act allows.

## THIRD AFFIRMATIVE DEFENSE

### (Priority)

103.    With respect to those of Plaintiff's asserted marks referred to in Paragraph 13 of this Answer, Defendant, and not Plaintiff, is the senior user and has priority of use.

## PRAYER FOR RELIEF

Defendant respectfully requests and prays for judgement as follows:

1.    That Plaintiff takes nothing by way of its Complaint;

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT -
20

2.      That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

3.      That the Court find this to be an "exceptional case" under Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a)(3), such that Defendant is entitled to an award of reasonable attorneys' fees and costs of suit therein; and

4.      For such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.


Dated this 19th of September, 2017.        BRICOLAGE LAW, LLC


/s /Eve J. Brown
_____
Eve J. Brown