# EXHIBIT E

**From:** Marko.Zoretic
**To:** Eve J. Brown
**Cc:** Matt.Bellinger
**Subject:** RE: Monster v. BeastUp
**Date:** Friday, May 04, 2018 1:30:00 PM

Eve,

You did not respond to our question regarding Jessee Waelty. Please advise if you will be representing him in connection with the subpoenas.

Regarding your client's "personal health details," we did not ask. We simply pointed out that you have not provided further details, and that we are not aware of any health issues that would prevent Mr. Waelty from being deposed approximately three weeks from now.

Regarding your allegation of about 200 pages of allegedly "overlooked documents," those documents have not been overlooked. During our March 20, 2018 meet and confer, you represented that the documents identified in the bullet points on pages 2–3 of our March 12, 2018 letter had been previously produced at BEAST UP PROD 0242–445, and we agreed to review the production range you identified and then resume the meet and confer. As we explained in our March 22, 2018 email, your representation was not correct. Thus, it was apparent that you in fact had not reviewed your client's own documents.

Regards,
Marko

**Marko Zoretic**
Partner
949-721-7695 Direct
**Knobbe Martens**

---

**From:** Eve J. Brown [mailto:ejbrown@bricolagelaw.com]
**Sent:** Thursday, May 03, 2018 1:43 PM
**To:** Marko.Zoretic
**Cc:** Matt.Bellinger
**Subject:** RE: Monster v. BeastUp

Marko,

I have a call out to my client and should not have a problem confirming May 23 for you by May 7, as requested.

With all due respect, you are not entitled to my client's personal health details. I notified you the same day I found out of his illness, in order to make you aware that we may need schedule adjustments. The specific nature of his condition is not MEC's business.

I did review the box. The reason I asked if you had reviewed it is that many of the documents you are still asking for were in that box, indicating that you may not have read through the

contents. Because a similar occurrence happened earlier in which hundreds of documents you accused me of withholding had been sitting in your inbox overlooked, I needed to check to ensure that we do not waste resources arguing further about more documents that are already in your office.

Eve

---

**From:** Marko.Zoretic <Marko.Zoretic@knobbe.com>
**Sent:** Thursday, May 3, 2018 2:36 PM
**To:** Eve J. Brown <ejbrown@bricolagelaw.com>
**Cc:** Matt.Bellinger <Matt.Bellinger@knobbe.com>
**Subject:** RE: Monster v. BeastUp

Eve,

If we do not hear from you by Monday, May 7, we will assume that Robert Waelty's deposition and the continued Rule 30(b)(6) deposition will occur on May 23 at the noticed location.  This is the first time you have informed us of Robert Waelty undergoing health issues.  You have not provided further details, and we are not aware of any health issues that would prevent Mr. Waelty from being deposed approximately three weeks from now.

Contrary to your suggestion, we are not deposing Mr. Waelty a "second time."  As you know, we are entitled to a deposition of BeastUp under Rule 30(b)(6) and a separate deposition of Mr. Waelty.  We are attempting to accommodate BeastUp and Mr. Waelty by conducting the continuing Rule 30(b)(6) deposition and Mr. Waelty's personal deposition on the same day.  As explained on the record at the January 25, 2018 deposition of BeastUp, we left the deposition open because BeastUp failed to produce numerous responsive documents in time for the deposition, failed to timely respond to Monster's second set of discovery requests (which were due before the deposition), and provided deficient responses to Monster's first set of discovery requests. (Tr. at e.g., 204:16–207:9.)  Indeed,  at the time of the Rule 30(b)(6) deposition, BeastUp had produced only 241 pages of documents, and has since produced approximately 2,000 more pages (and your email suggests that more documents will be produced), all of which should have been produced in advance of the January 25 deposition.  We also note that you agreed to continue the deposition if new information was produced. (Tr. at 205:24–206:11.)

To the extent the question in your email below about reviewing the "whole box" refers to the box of documents defendant made available for inspection on April 3, we have reviewed that box of documents.  That is clear from our portion of the Joint Statement Regarding Discovery Disagreement provided to you on April 23, 2018.  We provided a copy of those documents to you on April 9. However, it appears that you still have not reviewed your client's own documents produced to us (and did not attempt to review them before they were made available for inspection).  Many of the discovery issues that have arisen could have potentially been avoided if you had taken a more active role in working with your client from the onset to make sure responsive documents were being collected and produced.

Moreover, as you know, we have subpoenaed Jessee Waelty for his deposition and documents.

Please advise if you will be representing him in connection with the subpoenas.

Best regards,
Marko

**Marko Zoretic**
Partner
949-721-7695 Direct
**Knobbe Martens**

---

**From:** Eve J. Brown [mailto:ejbrown@bricolagelaw.com]
**Sent:** Wednesday, May 02, 2018 1:51 PM
**To:** Marko.Zoretic
**Cc:** Matt.Bellinger
**Subject:** RE: Monster v. BeastUp

I believe that date is fine, Marko, but I have not been able to confirm for sure. My client has been undergoing health issues. Hopefully I will hear back ASAP.

Can you explain why you need to depose him a second time? Given his health, I want to minimize unnecessary strain on him. He did send me additional documents that I am formatting now and will send over shortly, once they are Bates stamped. Have you had a chance to look through the whole box?

---

**From:** Marko.Zoretic <Marko.Zoretic@knobbe.com>
**Sent:** Tuesday, May 1, 2018 4:12 PM
**To:** Eve J. Brown <ejbrown@bricolagelaw.com>
**Cc:** Matt.Bellinger <Matt.Bellinger@knobbe.com>
**Subject:** RE: Monster v. BeastUp

Eve,

Following up on our email below, please let us know by tomorrow if May 23 works for Robert Waelty's deposition and the continued Rule 30(b)(6) deposition of BeastUp.

Best regards,
Marko

**Marko Zoretic**
Partner
949-721-7695 Direct
**Knobbe Martens**

---

**From:** Marko.Zoretic
**Sent:** Tuesday, April 24, 2018 2:56 PM
**To:** ejbrown@bricolagelaw.com
**Cc:** Matt.Bellinger
**Subject:** Monster v. BeastUp

Eve,

Please find attached a copy of Monster's subpoenas to Jessee Waelty for documents and deposition.  Please let us know by the close of business on Wednesday, April 25, whether you will agree to accept service of the subpoenas on behalf of Jessee Waelty.

Also attached is the Notice of Deposition of Robert Waelty, which we noticed for May 23rd. We also intend to continue the Rule 30(b)(6) deposition on the same day. Please let us know if May 23 works.

Best regards,
Marko

**Marko Zoretic**
Partner
Marko.Zoretic@knobbe.com
949-721-7695 Direct
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/marko-zoretic

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.