# EXHIBIT F

**From:** Marko.Zoretic
**Sent:** Friday, May 04, 2018 1:57 PM
**To:** Eve J. Brown
**Cc:** Matt.Bellinger
**Subject:** RE: Discovery

Eve,

Thank you for your email. Once we receive the promised supplemental document production and interrogatory responses, we will then be able to work with you to assess what parts of our motion may be mooted. But until BeastUp finally provides the long-requested discovery, we cannot withdraw our motion or portions thereof, especially in view of your repeated unfulfilled promises over the past months to provide the requested information. Indeed, your email below raises concerns that BeastUp will not satisfy at least some of the issues raised in our motion. For example, you state that "all attachments from BeastUp emails" have been produced. But that is not sufficient. Your email fails to address the issues raised on pages 16–17 of our portion of the Joint Statement Regarding Discovery Disagreement regarding associating email attachments with particular emails. As another example, you state that all emails from the accounts beastupenergy@gmail.com, info@beastup.com, and beastupgear@gmail.com will be produced, but you fail to mention the email account robertwaelty@beastup.com.

Accordingly, please provide us with your portion of the Joint Statement Regarding Discovery Disagreement by the close of business on Tuesday, May 8 so that we have sufficient time to prepare for filing. Once we receive your client's supplemental discovery responses, we can then discuss what portions of the motion may be mooted and notify the court before the hearing.

Regarding your request to extend the discovery period, we do not believe that an extension is warranted. As you know, the Court's Order Setting Status (Pretrial Scheduling) Conference states that "[r]equests to modify or vacate any date set forth in the [scheduling order] will not be favored and will not be granted absent good cause." Dkt. No. 4 at 3. You have ample opportunity to supplement BeastUp's deficient interrogatory responses before May 8 and before the May 16 hearing on the discovery disagreement. You also have ample opportunity to provide BeastUp's supplemental document production. Indeed, your email states that you are preparing the documents for production. You also have had every opportunity to timely serve discovery requests.

Best regards,
Marko

**Marko Zoretic**
Partner
949-721-7695 **Direct**
**Knobbe Martens**

---

**From:** Eve J. Brown [mailto:ejbrown@bricolagelaw.com]
**Sent:** Friday, May 04, 2018 6:57 AM
**To:** Marko.Zoretic
**Cc:** Matt.Bellinger
**Subject:** Discovery

Marko,

As a follow-up to my email yesterday, and in an effort to resolve outstanding discovery concerns, below are specific items that you asked for that are already in your possession, as well as answers to some of your other questions.

Produced as Part of Hard Copy Box Scan or Past Production:

- All attachments from BeastUp emails
- All sales invoices
- Documents reflecting the amount of products that have been given away
- All records showing BeastUp's purchase of inventory
- All documents filed with the Board of Equalization (all filings Defendant has copies of were in the box. others were not kept after filing and are on record with the BOE, but are not within Defendant's possession)

Documents/Things that Definitively Do Not Exist:

- The "Creative Brief" referred to in emails with Powerbrands. This refers to an in-person meeting/"briefing" and not to a document.
- SKU and UPC codes for sweatshirts, t-shirts, tank tops, workout shirts, hats, lanyards, wristbands, beanies, coffee cups, or stickers/decals (these items have no SKUs or UPCs)
- Communications with A.J. Collins. These were all in person, not over email. Mr. Collins was Rob Waelty's sister's boyfriend, and they only spoke face to face. You already have the artwork he designed. There are no additional documents.
- Communications with Tony Thompson. These were all in person, not over email.
- Communications between Jessee Waelty and PSI. Jessee had no input with PSI and Rob Waelty does not recall Jessee ever emailing them. If he did, those emails are not in Rob's possession and Rob does not know about them.
- Written plans for future expansion of BeastUp. Mr. Waelty's hope is to retire in two years from his firefighting job and make BeastUp into a full-time operation. However, all plans have stalled due to this lawsuit and to his and his wife's respective health issues. There are no concrete plans at this moment, and nothing in writing.

Documents that Defendant Was Able to Locate (Currently Being Prepared for Production):
*I believe that many of these have already been produced to you at least once, but, for efficiency's sake, am sending them again rather than searching through past productions for specific items.*

- The "Power Brands Agreement" referred to in produced emails
- The form Defendant used to track product provided to stores
- The final, signed version of Defendant's Distribution Agreement with Foothill
- The sheet Mr. Waelty referenced in his deposition showing the investments made into BeastUp
- The list of athletes Defendant sponsors
- The Art Specification Form
- Wholesale pricing information for each of Defendant's goods

- All communications with the That Jack Show, including communications between Defendant and Jack Stockton
- All communications with Steve Adams, including communications sent to and from steve@316design.com
- Invoice No. 1060
- All documents relating to Defendant's sponsorships or endorsements of events or competitors
- All costs or expenses incurred in selling the BeastUp products, including the dollar amount and what the cost was for
- Additional communications with Foothill
- Communications with Tim Crew
- Communications with Tom Jahnke
- All emails with PSI
- All emails from the accounts beastupenergy@gmail.com, info@beastup.com, and beastupgear@gmail.com (my client gave me the login and password for each account and I am working on downloading each email for you, but it is a slow process)

Other Info I Can Provide:

- The roles that Power Brand Consulting employees Kris Guiao, Ashiliegh Brookham, and Alina Guerrero played in the development, selection, or approval of the BEASTUP mark.
*No Power Brand employee had a role in the development, selection, or approval of the BEASTUP mark. The mark had already been developed, trademarked, and was in use by Robert Waelty when Power Brands was hired. Power Brands was solely involved in can design and beverage formulation. Kris Guaio was the design and packaging creative director, Ashleigh Brookham managed the design project, and Alina Guerrero was in charge of beverage formulation.*

- The date range for when BeastUp Products were sold on Defendant's website: 3/28/2016-10/28/2016

I will do my absolute best in good faith to scan and upload those documents I received recently (listed above) by the beginning of next week.

Would you be amenable to a stipulated extension of the discovery period for 30 days? This would allow me to both spend the time necessary to prepare the above documents as well as serve Defendant's discovery requests, which have been set aside so that I could address your concerns.

Thanks,
Eve

Eve J. Brown
**Bricolage Law, LLC**
Tel.  (617) 671-5044
Email:  ejbrown@bricolagelaw.com
Web: bricolagelaw.com