Eve J. Brown (CA SBN 247051)
ejbrown@bricolagelawcom
BRICOLAGE LAW, LLC
128 School Street
Walpole, MA 02081
Telephone: 508-734-3404

Attorney for Defendant
BEASTUP LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY | Case No.: 2:17-CV-01605-KJM-EFB |
| Plaintiff, | |
| v. | **DECLARATION OF EVE J. BROWN REGARDING MONSTER ENERGY COMPANY'S MOTION TO COMPEL** |
| BEASTUP LLC, | |
| Defendant | |

I, Eve J. Brown, declare as follows:

1. I am the principal of the law firm of Bricolage Law, LLC, and the attorney representing Defendant BeastUp LLC. I have personal knowledge of the matters set forth herein and if called upon to testify, I could and would competently testify as follows:

2. I submit this declaration in response to Plaintiff Monster Energy Company's Motion to Compel and related declaration.

3. Defendant has no objection to providing all responsive documents and information to Plaintiff as part of the discovery process, and has stated as such to Plaintiff on several occasions. *See, e.g.,* Defendant's counsel's January 24, 2018 email to Plaintiff's counsel, attached in full as Exhibit A and excerpted in relevant part as follows:

1

**We want to provide you with all the information we have. We know we are in the right, and genuinely hope that, the more facts you have, the more reasonable your client will be in dropping this meritless suit or coming to a mutually agreeable resolution.**

4. As of this date, Defendant's sole owner, Robert Waelty, has produced over 2,000 documents to Plaintiff, arranged for over 600 hard copy documents to be made available to Plaintiff's agents for inspection and copying, opened his entire office to Plaintiff for inspection, provided in-person deposition testimony for eight hours, and is cooperating with Plaintiff's notice of a second deposition scheduled for May 24, 2018. Mr. Waelty's son, Jessee Waelty, is also providing deposition testimony for Plaintiff, despite having no direct involvement in the actions complained of in this suit.

5. Defendant has been unendingly cooperative, courteous, and patient with Plaintiff, and has, at great personal expense, gone to significant lengths to appease Plaintiff's requests. Defendant's efforts have been met with a barrage of demands for documents not responsive to any request, false accusations of withholding, and bad faith tactics to delay and harass Defendant into default. Plaintiff's ongoing failure to review produced documents prior to compelling more is consistent with its motive to bleed Defendant dry rather than to uncover actual facts relevant to its claims.

6. To the extent Defendant has required additional time to identify specific documents among a decade's worth of archived files, defunct email accounts, and old receipts, Defendant has promptly requested that time for Plaintiff, provided the reasoning for any delay, and offered the reciprocal courtesy to Plaintiff. *See* Exhibit B.

7. Plaintiff's Motion to Compel is unnecessary, and is a waste of the parties' and this Court's valuable time and resources. Defendant either has already provided, or has

2

committed to further searching for and providing, every document, thing, and response contained in Plaintiff's Motion. *See* Exhibit C.

8.   Plaintiff's Motion to Compel is specifically moot with respect to Plaintiff's Interrogatories Nos. 1, 2, 3, 7, 8, 9, and 15, and Requests for Production Nos. 1, 2, 9, 10, 23, 26, 38, and 47. These requests have been duly answered (on many occasions, more than once), and all responsive documents that have been located after a reasonable search have been produced, in the exact format as they are kept in the ordinary course of Defendant's business. To the extent requested documents do not exist, Defendant has confirmed as much in writing to Plaintiff. *See* Exhibit D.

9.   With particular respect to Plaintiff's Interrogatory No. 9, Plaintiff's Motion requests the Court to compel communications not responsive to Plaintiff's request; namely, communications with Defendant's distributor that contain no mention of Plaintiff and have no relevance to this proceeding. Nonetheless, Defendant is willing to provide all emails from Foothill Distributing in the spirit of transparency and cooperation.

10.   With particular respect to Plaintiff's Request for Production No. 34, Plaintiff's Motion refers only to the executed version of a single agreement, the unexecuted version of which has already been produced. Defendant has not yet located the executed version, but has no objection to providing it to Plaintiff if and when it is found.

11.   With respect to Defendant's email accounts, Defendant has already produced hundreds of emails, and continues to supplement production on a rolling basis as the accounts are accessed, manually downloaded, redacted where appropriate, and stamped for production. Because Defendant has used several email accounts over the past ten years, and because Plaintiff has not limited its request to any specific time period, recipient, or

content, the process has been extremely burdensome and time-consuming. Nevertheless, Defendant continues to make the effort to provide all ten years' worth of emails to Plaintiff, and to do so as efficiently and quickly as possible.

12. With respect to the hard copy documents inspected and copied by Plaintiff on April 3, 2018 at Defendant's home in Red Bluff, Plaintiff is correct that Defendant's counsel did not review those documents prior to allowing Plaintiff access. Defendant's counsel is located in Boston, Massachusetts and did not travel to California to screen Defendant's office prior to permitting Plaintiff to inspect it. Plaintiff was allowed unfettered access to all of Defendant's files, documents, and records, and was permitted to copy and take anything it desired, illustrating Defendant's full transparency and willingness to share information.

13. With respect to any responsive documents or information not already provided to Plaintiff, I attest that such information either does not exist or is being actively prepared for production, and that no responsive information or documents have or will be withheld.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this day, May 10, 2018 at Norwood, Massachusetts.

Eve J. Brown

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2018, I caused the DECLARATION OF EVE J. BROWN

REGARDING MONSTER ENERGY COMPANY'S MOTION TO COMPEL to be

electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic

notification of such filing to the following counsel of record:

Marko R. Zoretic
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Marko.zoretic@knobbe.com

Eve J. Brown

5