Exhibit A

| | |
|---|---|
| **From:** | Eve Brown |
| **To:** | "Marko.Zoretic" |
| **Cc:** | Matt.Bellinger; Julianna.Simon |
| **Subject:** | RE: BeastUp Deposition 1/25 |
| **Date:** | Wednesday, January 24, 2018 11:38:00 AM |

Dear Marko,

No objections have been waived.

I assure you that Defendant does not have a cavalier attitude towards this litigation, which is very seriously threatening to destroy his business, his home, and his retirement savings, all while his wife is going through chemotherapy.

To the extent that I am attempting to lessen the financial and administrative burdens on my client and the court by discussing your concerns in good faith prior to creating additional fodder for disputes, I trust you will not be prejudiced by the minor delay. Discovery remains open until June, and you are of course welcome to send follow-up requests or ask Mr. Waelty clarifying questions at his deposition tomorrow. We will also, to the best of our ability, provide you with all of the answers you request, as soon as we understand your objections.

We want to provide you with all the information we have. We know we are in the right, and genuinely hope that, the more facts you have, the more reasonable your client will be in dropping this meritless suit or coming to a mutually agreeable resolution. No one is hiding anything from you. We simply want to make sure that the time we spend is productive and not wasted by engaging in avoidable spats among counsel.

For example, one of your repeated objections to my client's first set of responses was that he did not provide documents supporting how he selected, adopted, advertises, etc. his "Claw Logos." I have been very clear with you, both on the phone and in the written responses themselves, that BeastUp has no claw logos.

If we are not aligned in our basic understandings of the marks and definitions at issue, then our exchange of information will be unnecessarily messy and prolonged. You will not be satisfied with the responses you receive, and my client will be frustrated by truthfully and comprehensively responding to your inquiries, only to be told his answers are insufficient. We are talking past each other, which benefits no one.

I am not available to meet and confer today, as I will be preparing my client for tomorrow's deposition. I am available on Friday between 11am and 3pm EST. I am also available on Monday between 9am and 2pm EST.

Regarding the transcript for tomorrow, under FRCP 30(e), a copy of the deposition transcript must be provided to the witness for review if the witness requests the opportunity to do so. I am not asking for a free certified copy; merely stating that my client does not waive this right of review. I believe he should have 30 days from the date the transcript is received to review the document and

make any corrections. If he does not order a transcript, then he will return the review copy to the court reporter, or to you. I will repeat our non-waiver on the record tomorrow before the deposition ends.

Robert Waelty will be appearing tomorrow on behalf of BeastUp. He will meet you in the Board Room.

Best,
Eve

Eve J. Brown, Esq.
*Owner, Principal*
**Bricolage Law, LLC**
128 School Street
Walpole, Massachusetts 02081
(508) 734-3404
bricolagelaw.com

| | |
|---|---|
| **From:** | Eve J. Brown |
| **To:** | Marko Zoretic |
| **Subject:** | BeastUp update |
| **Date:** | Monday, April 16, 2018 9:53:00 AM |

Hi Marko,

I apologize for the delay on the BeastUp supplemental answers. My client is going through a difficult time with his wife's cancer treatments, and it has been a struggle to go back and spend time on the email searches. Would you be amenable to an extension? I don't expect that I will have any additional documents or information for you until at least next week, and I appreciate that if we go too long, your time may be limited as well.

Eve J. Brown

**Bricolage Law, LLC**

Tel.  (617) 671-5044

Email:  ejbrown@bricolagelaw.com

Web: bricolagelaw.com

| | |
|---|---|
| **From:** | Eve J. Brown |
| **To:** | "Marko.Zoretic" |
| **Cc:** | Matt.Bellinger |
| **Subject:** | RE: Monster v. BeastUp - Joint Statement Regarding Discovery Disagreement (Monster"s portion and supporting declaration) |
| **Date:** | Tuesday, April 24, 2018 2:36:00 PM |

Marko,

I am taken aback and a little speechless at your motion. I specifically asked for a week to allow my client time to be with his wife during cancer treatments. Instead of responding, you motioned the court with a comprehensive brief that must have taken an impressive number of billable hours, but that was entirely unnecessary.

I repeat that we are not hiding anything, and that I continue to work with my client to address your questions. We have been nothing but cooperative and courteous with you. I wish we could ask for the same in return.

I just spoke to Mr. Waelty to tell him about your motion. He is out of town until Saturday. He reiterated to me - again – that he has given you what he has, but said that he will triple check for the specific items you listed.

I have continually promised in good faith to look for everything you request, and have kept you abreast of any and all delays and their legitimate causes. If there are more documents, you will have them.

There is nothing I can do, however, until after Saturday.

Eve

**From:** Marko.Zoretic <Marko.Zoretic@knobbe.com>
**Sent:** Monday, April 23, 2018 3:28 PM
**To:** Eve J. Brown <ejbrown@bricolagelaw.com>
**Cc:** Matt.Bellinger <Matt.Bellinger@knobbe.com>
**Subject:** Monster v. BeastUp - Joint Statement Regarding Discovery Disagreement (Monster's portion and supporting declaration)

Eve,

Please find attached Monster's portion of the Joint Statement Regarding Discovery Disagreement (including supporting declaration and exhibits) noticed to be heard on May 16, 2018.  Please provide your portion as soon as possible, but no later than May 8, 2018 so that we have sufficient time to prepare for filing.  Please also note that the exhibits may contain reference to personal information that Defendant would prefer redacted. If there is any such information, please specifically identify any such portions.

Best regards,
Marko

Exhibit C

| | |
|---|---|
| **From:** | Eve J. Brown |
| **To:** | Marko.Zoretic; Matt.Bellinger |
| **Subject:** | BeastUp |
| **Date:** | Tuesday, April 3, 2018 12:25:00 PM |

Marko,

I confirm that, at your request, Mr. Waelty will meet your copy service at 11am instead of the originally scheduled 10am, at 20790 Live Oak Road in Red Bluff.

In response to your previous letter, I also confirm that defendant has produced or made available for inspection every responsive document and thing that Mr. Waelty has that he was able to locate after a reasonable search. As I understand it, there are no additional emails, letters, or communications that relate to this case that have not been shared with you, either as part of the 1000+ page production we sent or in the box that you will inspect today.

I understand that you desire more, but I'm afraid you can't get blood from a stone. This is a one-man operation doing business out of his home, part-time. He has nothing to hide, and has bent over backwards to share with you everything he has in his possession, at his own substantial expense and burden. As with all emails, there may be attachments referenced in our production documents that were never attached to the original emails, and there may be agreements referred to that were never executed. Everything that actually exists in defendant's possession is in your hands. If somehow we uncover more, we will certainly share it with you immediately and in good faith.

If there are additional concerns that you have after reviewing the box today and this email, my invitation to speak at 1pm EST remains open. I am also available tomorrow after 12pm EST and before 2:30pm EST.

Sincerely,

Eve

Eve J. Brown

**Bricolage Law, LLC**

Tel.  (617) 671-5044

Email:  ejbrown@bricolagelaw.com

Web: bricolagelaw.com

| | |
|---|---|
| **From:** | Eve J. Brown |
| **To:** | Marko.Zoretic |
| **Subject:** | RE: Monster v. BeastUp |
| **Date:** | Monday, April 2, 2018 3:37:29 PM |

Marko,

I assure you there is no gamesmanship on my end; just a sole practitioner, representing a one-man business that is run by an entrepreneur who is also a full-time fire chief, dad, and whose wife is in chemo. We are doing the best we can to respond meaningfully to your massive (and arguably disproportionate to the needs of this case) demands. I apologize if we are slower than you would like. I am not ignoring you.

Your copy service can copy the box at 1235 Jefferson Street at 10am tomorrow.
Rob Waelty will be there to oversee the process.

I can talk on the phone about your discovery concerns tomorrow at 1pm EST. I will be on my cell 617-███ █████

**From:**     Eve J. Brown
**To:**       "Marko.Zoretic"
**Cc:**       "Matt.Bellinger"
**Subject:**  RE: Monster v. BeastUp
**Date:**     Monday, April 2, 2018 10:05:00 AM

Marko,

I am still reviewing your discovery concerns, but in the meantime, wanted to let you know that I have arranged with my client for you to meet him at the same hotel in Red Bluff where you took his deposition to inspect the hard copy box of documents. He can meet you tomorrow or Wednesday of this week or Monday of next week. He or his son will be there as well. You may copy the documents while on the premises, or take my client with you if you remove the documents for copying.

Please advise as to when you would like to meet him and I will have him and the box there for you.

Eve

**From:** Eve Brown [mailto:ejbrown@bricolagelaw.com]
**Sent:** Wednesday, March 28, 2018 8:36 AM
**To:** Marko.Zoretic
**Cc:** Matt.Bellinger
**Subject:** RE: Monster v. BeastUp

Marko,

I was generally available last week, but did not hear from you until Thursday evening, at which point I was no longer available at the one time (the following morning at 10am) that you had proposed.

I have not yet heard back from you about a revised version of your meet and confer letter that specifies which documents you still feel are missing. As you recall, a large segment of the documents you complained of in your original letter had already been produced, but had been overlooked by you or your team. I hope you understand that I am reluctant to undertake additional legwork on my end without assurance from you that you have actually reviewed my client's production first.

Once you provide me with an updated outline of your discovery concerns, we can schedule a call to discuss and resolve them.

I am awaiting confirmation from my client about when and where you should pick up the box. It should be available for you whenever you would like to access it, but I will make sure and let you know.

Eve

**From:** Eve Brown [mailto:ejbrown@bricolagelaw.com]
**Sent:** Thursday, March 22, 2018 8:32 AM
**To:** Marko.Zoretic
**Subject:** RE: Monster v. BeastUp

Marko,

I just heard back from my client that there are "over 600 hard copy receipts, invoices, bank statements etc... All in one large box."

He cannot afford to copy or scan these hard copies but will make the box available to you for inspection and copying if you wish to do so. I have not seen the documents yet, but my client did say that he does not believe there is anything in there germane to Monster Energy's claims. That said, if you want to view his old receipts, they are available for your inspection.

| From: | Eve Brown |
|---|---|
| To: | "Marko.Zoretic"; "Matt.Bellinger" |
| Subject: | RE: BeastUp Supplemental Documents |
| Date: | Monday, February 5, 2018 6:41:00 PM |
| Attachments: | SUPPLEMENTAL RESPONSES TO FIRST SET OF ROGS BEASTUP.PDF |

Marko,

Attached are BeastUp's verified supplemental responses. Mr. Waelty made slight edits/corrections to #1 and #11, so please use these verified responses rather than the ones I sent you on Friday.

Below is a file containing BEASATUP PROD 657 – 1151.

https://files.acrobat.com/a/preview/c56ec677-902d-461b-8220-c90235074110

I believe our responses and production are now complete. Of course, if additional responsive documents are later discovered, we will supplement again. For now, this is everything we have.

Please confirm receipt.

_____

**From:** Eve Brown
**Sent:** Friday, February 2, 2018 7:40 PM
**To:** 'Marko.Zoretic' <marko.zoretic@knobbe.com>; 'Matt.Bellinger' <matt.bellinger@knobbe.com>
**Subject:** BeastUp Supplemental Documents

Marko,

Below is a link to access BEASTUP PROD 0446 – BEASTUP PROD 0656:

https://files.acrobat.com/a/preview/7e39eb8b-229e-4313-9248-1f2d7a381337

Eve J. Brown, Esq.

*Owner, Principal*

**Bricolage Law, LLC**

128 School Street

Walpole, Massachusetts 02081

| | |
|---|---|
| **From:** | Eve Brown |
| **To:** | "Marko.Zoretic"; Matt.Bellinger; Julianna.Simon |
| **Subject:** | BeastUp Discovery |
| **Date:** | Monday, January 29, 2018 11:57:00 AM |

Hi Marko, Matt, and Julianna,

It would be a great help to me in getting you the documents and information you seek from BeastUp if you could summarize, given last week's deposition, what you would still like me to try to obtain from my client. I know that there were some things that Mr. Waelty said during the depo that he had in hard copy form, and some documents that are electronic but that I did not have prior to Thursday.

I would like to work with you to get everything you need, but it would help the process if I could have your cooperation and patience as my client and I sort through years of paper files. As you know, BeastUp is a one-man, part-time operation. I understand that you want to fight and argue, but that is not productive. I assure you in good faith that my client and I are both doing out utmost to comply with your requests, and are not hiding anything intentionally. He will continue to search, and I will continue to supplement production as additional documents are shared with me.

Under the Rules, you are of course also welcome to inspect BeastUp's documents as they are kept in the usual course of business in Red Bluff, if you do not feel like my client's responses are comprehensive or fast enough for you. Again, we want to work with you here, and I have no desire to waste our or the court's time spatting with you any more than necessary.

If you list for me what you feel you are missing, I will coordinate with my client to get you whatever I can that is responsive.

If you would still like to speak over the phone, you can reach me on my cell today at 617- .

Sincerely,

Eve

Eve J. Brown, Esq.

*Owner, Principal*

**Bricolage Law, LLC**

128 School Street

Walpole, Massachusetts 02081

| | |
|---|---|
| **From:** | Eve Brown |
| **To:** | "Marko.Zoretic" |
| **Cc:** | Matt.Bellinger; Julianna.Simon |
| **Subject:** | RE: BeastUp Deposition 1/25 |
| **Date:** | Wednesday, January 24, 2018 1:52:00 PM |

"Last Friday" was less than a week ago, Marko. In fact, the letter was sent to me after close of business on Friday night, and not received until Monday. I responded to you in good faith on Tuesday. If you wanted to have this conversation sooner, you could certainly have requested a meet and confer earlier. The time crunch is of your own making, and my client will not be made to suffer for it.

You will have Mr. Waelty for 8 hours tomorrow, and can ask him to clarify or provide any information you seek. To the extent that you have concerns with our first responses, you will have the opportunity to ask him in person to explain or elaborate. After the depo, you and I can meet and confer (Monday at 9am PST is fine) to resolve any outstanding matters and to identify the information you feel is still lacking.

That seems to be a much more efficient and reasonable way to deal with the current impasse, given the timing of your objections and the imminence of your upcoming full access to Mr. Waelty in person. It doesn't make sense to spend attorney hours (and our client's funds) to argue back and forth about the content of written responses when you will be able to obtain recorded, under oath, verbal responses tomorrow about the same facts and issues, and can ask follow-up questions in real time.

Again, on Monday, we can reconvene and you can tell me what information you feel is still lacking. Given the nature of tomorrow's questions as anticipated in your 30(b)(6) notice, it is likely that at least some of the issues you are complaining of will be resolved through direct questioning.

I have coordinated with the court reporter and will be participating via LiveNote.

Best,
Eve

Exhibit D

| | |
|---|---|
| **From:** | Eve J. Brown |
| **To:** | "Marko.Zoretic" |
| **Cc:** | Matt.Bellinger |
| **Subject:** | Discovery |
| **Date:** | Friday, May 4, 2018 9:57:00 AM |

---

Marko,

As a follow-up to my email yesterday, and in an effort to resolve outstanding discovery concerns, below are specific items that you asked for that are already in your possession, as well as answers to some of your other questions.

<u>Produced as Part of Hard Copy Box Scan or Past Production:</u>

- All attachments from BeastUp emails

- All sales invoices

- Documents reflecting the amount of products that have been given away

- All records showing BeastUp's purchase of inventory

- All documents filed with the Board of Equalization (all filings Defendant has copies of were in the box. others were not kept after filing and are on record with the BOE, but are not within Defendant's possession)

<u>Documents/Things that Definitively Do Not Exist:</u>

- The "Creative Brief" referred to in emails with Powerbrands. This refers to an in-person meeting/"briefing" and not to a document.

- SKU and UPC codes for sweatshirts, t-shirts, tank tops, workout shirts, hats, lanyards, wristbands, beanies, coffee cups, or stickers/decals (these items have no SKUs or UPCs)

- Communications with A.J. Collins. These were all in person, not over email. Mr. Collins was Rob Waelty's sister's boyfriend, and they only spoke face to face. You already have the artwork he designed. There are no additional documents.

- Communications with Tony Thompson. These were all in person, not over email.

- Communications between Jessee Waelty and PSI. Jessee had no input with PSI and Rob Waelty does not recall Jessee ever emailing them. If he did, those emails are not in Rob's possession and Rob does not know about them.

- Written plans for future expansion of BeastUp. Mr. Waelty's hope is to retire in two years from his firefighting job and make BeastUp into a full-time operation. However, all plans have stalled due to this lawsuit and to his and his wife's respective health issues. There are no concrete plans at this moment, and nothing in writing.

<u>Documents that Defendant Was Able to Locate (Currently Being Prepared for Production):</u>

*I believe that many of these have already been produced to you at least once, but, for*

*efficiency's sake, am sending them again rather than searching through past productions for specific items.*

- The "Power Brands Agreement" referred to in produced emails

- The form Defendant used to track product provided to stores

- The final, signed version of Defendant's Distribution Agreement with Foothill

- The sheet Mr. Waelty referenced in his  deposition showing the investments made into BeastUp

- The list of athletes Defendant sponsors

- The Art Specification Form

- Wholesale pricing information for each of Defendant's goods

- All communications with the That Jack Show, including communications between Defendant and Jack Stockton

- All communications with Steve Adams, including communications sent to and from steve@316design.com

- Invoice No. 1060

- All documents relating to Defendant's sponsorships or endorsements of events or competitors

- All costs or expenses incurred in selling the BeastUp products, including the dollar amount and what the cost was for

- Additional communications with Foothill

- Communications with Tim Crew

- Communications with Tom Jahnke

- All emails with PSI

- All emails from the accounts beastupenergy@gmail.com, info@beastup.com, and beastupgear@gmail.com (my client gave me the login and password for each account and I am working on downloading each email for you, but it is a slow process)

Other Info I Can Provide:

- The roles that Power Brand Consulting employees Kris Guiao, Ashiliegh Brookham, and Alina Guerrero played in the development, selection, or approval of the BEASTUP mark.

*No Power Brand employee had a role in the development, selection, or approval of the BEASTUP mark. The mark had already been developed, trademarked, and was in use by Robert Waelty when Power Brands was hired. Power Brands was solely involved in can*

*design and beverage formulation. Kris Guaio was the design and packaging creative director, Ashleigh Brookham managed the design project, and Alina Guerrero was in charge of beverage formulation.*

- The date range for when BeastUp Products were sold on Defendant's website:

3/28/2016-10/28/2016

I will do my absolute best in good faith to scan and upload those documents I received recently (listed above) by the beginning of next week.

Would you be amenable to a stipulated extension of the discovery period for 30 days? This would allow me to both spend the time necessary to prepare the above documents as well as serve Defendant's discovery requests, which have been set aside so that I could address your concerns.

Thanks,

Eve

Eve J. Brown

**Bricolage Law, LLC**

Tel.  (617) 671-5044

Email:  ejbrown@bricolagelaw.com

Web: bricolagelaw.com