# EXHIBIT A

| | |
|---|---|
| **From:** | Matt.Bellinger |
| **Sent:** | Friday, September 14, 2018 10:14 AM |
| **To:** | Eve Brown |
| **Cc:** | Lynda.Zadra-Symes; Vanessa.Lantin; C. Alexander Chiulli; Melissa C. Benner |
| **Subject:** | RE: Monster v. BeastUp |

Eve — I will call you at 2 pm Eastern today to discuss further. Regards, Matt

**Matthew Bellinger**
Partner
Matthew.Bellinger@knobbe.com
949-721-2972 Direct
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/matthew-bellinger

---

**From:** Eve Brown <ebrown@bglaw.com>
**Sent:** Friday, September 14, 2018 10:03 AM
**To:** Matt.Bellinger <Matt.Bellinger@knobbe.com>
**Cc:** Lynda.Zadra-Symes <Lynda.ZadraSymes@knobbe.com>; Vanessa.Lantin <Vanessa.Lantin@knobbe.com>; C. Alexander Chiulli <achiulli@bglaw.com>; Melissa C. Benner <mbenner@bglaw.com>
**Subject:** RE: Monster v. BeastUp

Thank you, Matt.

From your email, it still does not appear that MEC has met its burden of showing that there is no material fact in dispute. As you know, likelihood of confusion and dilution cases are not conducive to resolution at the summary judgment stage due to the highly fact-specific nature of the analysis. Federal courts have a long history of disfavoring summary judgment in trademark cases because the ultimate issues are so inherently factual. See KP Permanent Make-Up, Inc. v. Lasting Impression, Inc., 408 F.3d 596, 608 (9th Cir. 2005) ("[D]etermining whether a likelihood of confusion exists at the summary judgment stage is generally disfavored because a full record is usually required to fully assess the facts."); Vital Pharms., Inc. v. Am. Body Bldg. Prods, LLC, 2006 WL 3755204, at *3 (S.D. Fla. 2006) (denying summary judgment on the basis that "there is no way to determine whether two products are 'confusingly similar' without a fact-based analysis"); National Color Laboratories, Inc. v. Philip's Foto Co., 273 F. Supp. 1002, 1004, 157 U.S.P.Q. 136 (S.D.N.Y. 1967) ("By their very nature some of these factors are so hazy and grayish in nature that a summary judgment cannot be granted merely upon perusal of affidavits, except in those rare instances where the facts are so black and white in nature that it can be stated unequivocally that there is no genuine issue as to any material fact and no issues to be resolved at trial."). In fact, summary judgment on 2(d) and 43(c) claims should not be resolved on summary judgment "absent the most extraordinary circumstances." Car-Freshner Corp. v. Auto Aid Mfg. Corp., 461 F. Supp. 1055, 201 U.S.P.Q. 233 (N.D.N.Y. 1979).

Here, there are no "extraordinary circumstances" justifying summary judgment. Your conclusory assertions that there is a likelihood of confusion between the marks and that MEC is famous for dilution purposes are unproven and remain subject to rigorous dispute.

As such, we will oppose any motion for summary judgment.

If you feel the need to discuss the matter via phone, I remain available at 2pm EST.

Eve

**From:** Matt.Bellinger <Matt.Bellinger@knobbe.com>
**Sent:** Thursday, September 13, 2018 2:50 PM
**To:** Eve Brown <ebrown@bglaw.com>
**Cc:** Lynda.Zadra-Symes <Lynda.ZadraSymes@knobbe.com>; Vanessa.Lantin <Vanessa.Lantin@knobbe.com>; C. Alexander Chiulli <achiulli@bglaw.com>; Melissa C. Benner <mbenner@bglaw.com>
**Subject:** RE: Monster v. BeastUp

Eve –

The purpose of the meet and confer on Friday is to discuss the substance of the motion. However, in response to your request, here is additional detail regarding the basis for Monster's motion.

There is no genuine dispute regarding the key facts of this case. Consideration of the relevant *Sleekcraft* factors in view of those facts shows that there is a likelihood of confusion between Monster's marks and BeastUp's marks at issue. Thus, summary judgment should be granted in favor of Monster on its trademark infringement, false designation of origin, and unfair competition claims, as well as on its claim for cancellation of U.S. Trademark Registration No. 4,584,629 for the BEASTUP mark. *See Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1093-94 (C.D. Cal. 2006) (summary judgment with respect to other claims predicated on likelihood of confusion was warranted by grant of summary judgment with respect to trademark infringement).

There is no genuine dispute that Monster's marks are strong at least due to its extensive and widespread use and promotion of the marks, which includes, for example, having spent billions of dollars on marketing and promoting the marks and displaying the marks on billions of containers of its energy drinks. The parties' goods are both energy drinks and are sold through the same channels of trade, e.g., gas stations, convenience stores, and grocery stores. BeastUp's marks are also highly similar to Monster's marks, which is further exacerbated by BeastUp's combined use of the BEASTUP mark together with claw marks in connection with its beverages. Monster provided unrebutted survey evidence from Robert Klein showing a significant level of confusion between the parties' marks. Additionally, the degree of purchaser care given to these products are low because the parties' energy drinks are relatively inexpensive, which further demonstrates that confusion is likely.

With respect to Monster's dilution claim, Monster's Claw Icon mark has become a famous identifier of Monster's goods and services by virtue of at least Monster's extensive and widespread use and promotion of the mark. Monster presented unrebutted survey evidence from Dr. Itamar Simonson showing the high level of recognition that the Claw Icon Mark has among consumers. There is no genuine dispute that the similar claw marks used by BeastUp in connection with its energy drink are likely to dilute Monster's famous Claw Icon mark. Accordingly, Monster is entitled to summary judgment on its trademark dilution claim.

Monster is also entitled to summary judgment on BeastUp's affirmative defenses. The Ninth Circuit has held that for the purposes of laches, courts first assess the plaintiff's alleged delay by

2

**Exhibit A**
**- 2 -**

looking to whether the most analogous state statute of limitations expired before suit was filed. The applicable analogous limitation period here is 4 years. *See, e.g., Internet Specialties W Inc. v. Milon-DiGiorgio Enters. Inc.*, 559 F.3d 985 (9th Cir. 2009). Monster filed suit within 4 years of the date the BeastUp energy drink was first sold. Thus, there cannot possibly be a presumption of laches. Moreover, there is no evidence that Monster otherwise unreasonably delayed in filing the present lawsuit or that BeastUp was prejudiced by any alleged delay. Similarly, with respect to BeastUp's affirmative defenses of waiver and acquiescence, there is no evidence that Monster intentionally relinquished any of its legal rights after learning of BeastUp's infringing conduct. There is also no evidence that Monster gave active or explicit consent to BeastUp to use any of its trademarks. Nor did Monster do so. On the contrary, Monster sent BeastUp a cease and desist letter and then filed this lawsuit. Thus, BeastUp's waiver and acquiescence affirmative defenses fail.

BeastUp's affirmative defense of unclean hands is based on Monster's alleged "pattern of filing frivolous lawsuits." Dkt. No. 28 ¶ 102. However, filing suit is protected activity under the *Noerr-Pennington* doctrine. *See Mantistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000) (explaining that under the *Noerr-Pennington* doctrine, "[t]hose who petition government for redress are generally immune from antitrust liability."). BeastUp also has come forward with no evidence that Monster has ever filed a lawsuit deemed to be frivolous, and nor is there any such evidence. For at least these reasons, Monster is also entitled to summary judgment on this defense.

Finally, BeastUp's affirmative defense of priority also fails because Monster indisputably has priority over BeastUp in relation to the marks identified in the affirmative defense, which all include Monster's Claw Icon mark, in connection with beverages. There is no genuine dispute that Monster has used its Claw Icon mark in connection with its beverages continuously since 2002, which is long before BeastUp first used its claw marks. In addition, while Monster also does need to prove priority of use for each of the particular goods listed in the registrations identified in BeastUp's affirmative defense to prevail on its claims, there is no genuine dispute that Monster has priority with respect to those goods. Indeed, the registrations identified in BeastUp's affirmative defenses claim first use dates between 2002 and 2006, which predates BeastUp's existence.

I will call you at 2:00 p.m. Eastern tomorrow for the meet and confer. If there are specific issues that you believe make summary judgment inappropriate on any of the above claims or defenses, please let me know in advance of our call or be prepared to discuss during the call.

Regards,

Matt

**Matthew Bellinger**
Partner
Matthew.Bellinger@knobbe.com
949-721-2972 Direct
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/matthew-bellinger

**From:** Eve Brown <ebrown@bartongilman.com>
**Sent:** Wednesday, September 12, 2018 7:27 AM
**To:** Matt.Bellinger <Matt.Bellinger@knobbe.com>
**Cc:** Lynda.Zadra-Symes <Lynda.ZadraSymes@knobbe.com>; Vanessa.Lantin <Vanessa.Lantin@knobbe.com>; C. Alexander Chiulli <achiulli@bglaw.com>; Melissa C. Benner <mbenner@bglaw.com>
**Subject:** RE: Monster v. BeastUp

Matt,

I am available on Friday at 2pm EST. Prior to the call, please provide your substantive arguments in support of your opinion that there is no material fact in dispute, so that we can make the most efficient use of our time. As of now, there appear to be plenty of facts remaining in dispute, rendering judgment as a matter of law inappropriate.

Best,
Eve

**Eve Brown**
Of Counsel



| Providence | Boston |
|---|---|
| Barton Gilman LLP | Barton Gilman LLP |
| 10 Dorrance Street | 160 Federal Street |
| Providence, RI 02903 | Boston, MA 02110 |
| 401 273 7171 | 617 654 8200 |

CONFIDENTIALITY NOTE: The information contained in this electronic transmission including the contents of any documents transmitted with this electronic transmission constitutes information of the law firm of Barton Gilman LLP, and may contain confidential and/or privileged information. This information is intended solely for addressee(s) named. If you are not an addressee, any disclosure, photocopying, distribution or use of the contents of this information is prohibited. If you have received this transmittal in error, please contact us immediately (collect) at 401.273.7171 or 617.654.8200 so that we can arrange to retrieve this information. Thank You.

**From:** Matt.Bellinger [mailto:Matt.Bellinger@knobbe.com]
**Sent:** Tuesday, September 11, 2018 7:11 PM
**To:** Eve Brown <ebrown@bartongilman.com>
**Cc:** Lynda.Zadra-Symes <Lynda.ZadraSymes@knobbe.com>; Vanessa.Lantin <Vanessa.Lantin@knobbe.com>
**Subject:** Monster v. BeastUp

Eve – Please see the attached letter requesting a meet and confer regarding Monster's contemplated motion for summary judgment.  Regards, Matt

Matthew Bellinger
Partner
Matthew.Bellinger@knobbe.com
949-721-2972 Direct
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/matthew-bellinger

- 5 -

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**Exhibit A**
**- 5 -**

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Matthew S. Bellinger
Matt.Bellinger@knobbe.com

September 11, 2018
**VIA EMAIL**

Eve J. Brown
Barton Gilman LLP
160 Federal Street
Boston, MA 02110

Re:   *Monster Energy Co. v. BeastUp LLC*, Case No. 2:17-cv-01605-KJM-EFB
       Our Ref.: HANBEVL.6127L

Dear Eve:

We are writing to request a meet and confer pursuant to Judge Mueller's Status (Pretrial Scheduling) Order in this case to discuss Monster's contemplated motion for summary judgment. Monster intends to file a motion for summary judgment on each of the claims in its Complaint, namely:

- trademark infringement and false designation of origin under 15 U.S.C. § 1125(a);
- trademark infringement under 15 U.S.C. § 1114;
- trademark dilution under 15 U.S.C. § 1125(c);
- cancellation of U.S. Trademark Registration No. 4,584,629 pursuant to 15 U.S.C. § 1119;
- unfair competition arising under California Business & Professions Code § 17200 *et seq.*; and
- California common law unfair competition.

In addition, Monster also intends to move for summary judgment on each of BeastUp's affirmative defenses (Nos. 1-3) in BeastUp's Amended Answer and Affirmative Defenses (Dkt. No. 28).

We are available to discuss our planned motion in further detail on Thursday, September 13 between 9:00 a.m. and 10:00 a.m. Pacific or between 11:00 a.m. and 4:00 p.m. Pacific. We are also available on Friday, September 14, between 9:00 a.m. and 2:00 p.m. Pacific. Please let us know if you are available during one of those times. If not, please propose alternative times that you are available to discuss.

Sincerely,

*/s/ Matt Bellinger*

Matthew S. Bellinger

29017077

INTELLECTUAL PROPERTY + TECHNOLOGY LAW                               knobbe.com

**Exhibit A**
**- 6 -**