Steven J. Nataupsky (CA SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (CA SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew Bellinger (CA SBN 222228)
matt.bellinger@knobbe.com
Marko R. Zoretic (CA SBN 233952)
marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

Eve J. Brown (CA SBN 247051)
ebrown@bglaw.com
BARTON GILMAN LLP
One Financial Plaza, 18th Floor
Providence, RI 02903
Telephone: (401) 273-7171

Attorney for Defendant
BEASTUP LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> BEASTUP LLC, a California limited liability company, <br><br> Defendant. | Case No. 2:17-CV-01605-KJM-EFB <br><br> **JOINT PRETRIAL CONFERENCE STATEMENT** <br><br> Hon. Kimberly J. Mueller |

1    Pursuant to Local Rule 281 and the Court's Minute Order dated September 3, 2019 (Dkt.

2    No. 51), Plaintiff Monster Energy Company ("Monster") and Defendant BeastUp LLC

3    ("BeastUp") hereby submit their Joint Final Pretrial Conference Statement.

4    **1.    Jurisdiction – Venue**

5    The parties do not contest federal jurisdiction or venue.  The Court has subject matter

6    jurisdiction over the claims in Monster's Complaint for trademark infringement, trademark

7    dilution, false designation of origin, and cancellation of BeastUp's U.S. Trademark Registration

8    No. 4,584,629 pursuant to 15 U.S.C. §§ 1116 and/or 1121(a).  The Court also has subject matter

9    jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338.  The Court also has

10   supplemental jurisdiction over the claims in Monster's Complaint for unfair competition under

11   California Business & Professions Code § 17200 *et seq.* and California common law unfair

12   competition pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

13   Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least

14   because BeastUp resides in this Judicial District and a substantial portion of the events complained

15   of in Monster's Complaint took place in this Judicial District.

16   **2.    Jury – Non-Jury**

17   This case should be tried to the Court in a bench trial.  Monster withdraws its demand for

18   a jury trial.  As stated in Section 9 below, Monster no longer seeks monetary damages or any other

19   monetary award (including attorneys' fees), and only seeks equitable relief.  Accordingly, there

20   are no issues triable by jury and this case should be tried to the Court in a bench trial.  *See Danjaq*

21   *LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001); *Toyota Motor Sales, U.S.A., Inc. v. Tabari*,

22   610 F.3d 1171, 1183 (9th Cir. 2010); *Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d

23   296, 307-08 (9th Cir. 1979); *see also Okura & Co. (Am.) v. Careau Grp.*, 783 F. Supp. 482, 491

24   (C.D. Cal. 1991) (finding there is no right to a jury trial for a claim under California Business &

25   Professions Code § 17200).

26   **3.     Undisputed Facts**

27   1.    Monster is a corporation organized and existing under the laws of the State of

28

- 1 -                          Joint Pretrial Conference Statement
                               Case No. 2:17-CV-01605-KJM-EFB

1  Delaware, having a principal places of business at 1 Monster Way, Corona, California 92879.

2      2.      Monster launched its original Monster Energy® drink in 2002.

3      3.      Since 2002, Monster's original MONSTER ENERGY® drink container has and

4  continues to display Monster's [Claw Icon]® mark ("Claw Icon") and UNLEASH THE BEAST!® mark

5  on the product container.

6

7      4.      Since 2002, Monster has expanded its MONSTER™ line of drinks to include other

8  products, all of which display the Claw Icon on the product containers.

9      5.      Monster uses the marks UNLEASH THE BEAST!®, UNLEASH THE NITRO

10  BEAST!®, REHAB THE BEAST!®, UNLEASH THE ULTRA BEAST!®, and PUMP UP THE

11  BEAST!®, among other BEAST-containing marks, on containers of products in its MONSTER

12  line of drinks.

13      6.      Monster is the owner of U.S. Trademark Registration No. 2,903,214 for the mark

14  [Claw Icon] in connection with "drinks, namely, carbonated soft drinks, carbonated drinks enhanced with

15  vitamins, minerals, nutrients, amino acids and/or herbs, carbonated and non-carbonated energy or

16  sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf

17  stable, but excluding perishable beverage products that contain fruit juice or soy, whether such

18  products are pasteurized or not" in International Class 32.  The application for this registration

19  was filed on May 7, 2003 and the registration issued on November 16, 2004.  The registration

20  lists a first use in commerce date of April 18, 2002.  The registration has achieved incontestable

21  status.

22      7.      Monster is the owner of U.S. Trademark Registration No. 3,134,841 for the mark

23  [Monster Energy logo]

24

25  in connection with "beverages, namely, carbonated soft drinks, carbonated soft drinks

26  enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy and

27  sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf

28  stable, but excluding perishable beverage products that contain fruit juice or soy, whether such

products are pasteurized or not" in International Class 32.  The application for this registration was filed on May 7, 2003 and the registration issued on August 29, 2006.  The registration lists a first use in commerce date of April 18, 2002.  The registration has achieved incontestable status.

8.     Monster is the owner of U.S. Trademark Registration No. 3,434,821 for the mark in connection with "nutritional supplements" in International Class 5.  The application for this registration was filed on September 7, 2007 and the registration issued on May 27, 2008.  The registration lists a first use in commerce date of April 18, 2002.  The registration has achieved incontestable status.

9.     Monster is the owner of U.S. Trademark Registration No. 3,434,822 for the mark in connection with "non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy" in International Class 32.  The application for this registration was filed on September 7, 2007 and the registration issued on May 27, 2008.  The registration lists a first use in commerce date of April 18, 2002.  The registration has achieved incontestable status.

10.    Monster is the owner of U.S. Trademark Registration 3,963,668 for the mark in connection with "stickers; sticker kits comprising stickers and decals; decals; posters" in International Class 16.  The application for this registration was filed on July 28, 2010 and the registration issued on May 17, 2011.  The registration lists a first use in commerce date of January 2004.  The registration has achieved incontestable status.

11.    Monster is the owner of U.S. Trademark Registration 3,963,669 for the mark in connection with "all purpose sport bags; all-purpose carrying bags; backpacks; duffel bags" in International Class 18.  The application for this registration was filed on July 28, 2010 and the registration issued on May 17, 2011.  The registration lists a first use in commerce date of June 30, 2002.  The registration has achieved incontestable status.

12.    Monster is the owner of U.S. Trademark Registration 4,011,301 for the mark in connection with "sports helmets; video recordings featuring sports, extreme sports, and

motor sports" in International Class 9.  The application for this registration was filed on July 27, 2010 and the registration issued on August 16, 2011.  The registration lists a first use in commerce date of June 30, 2002.

13.      Monster is the owner of U.S. Trademark Registration 4,051,650 for the mark in connection with "clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies" in International Class 25.  The application for this registration was filed on July 27, 2010 and the registration issued on November 8, 2011.  The registration lists a first use in commerce date of June 30, 2002.

14.      Monster is the owner of U.S. Trademark Registration 4,332,062 for the mark in connection with "silicone wrist bands; Silicone bracelets; Jewelry, namely, bracelets and wristbands" in International Class 14.  The application for this registration was filed on October 5, 2012 and the registration issued on May 5, 2013.  The registration lists a first use in commerce date of December 2006.

15.       Monster is the owner of U.S. Trademark Registration 3,908,600 for the mark in connection with "stickers; sticker kits comprising stickers and decals; decals" in International Class 16.  The application for this registration was filed on April 2, 2009 and the registration issued on January 18, 2011.  The registration lists a first use in commerce date of January 2004.

16.      Monster is the owner of U.S. Trademark Registration 3,908,601 for the mark in connection with "clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies" in International Class 16.  The application for this registration was filed on April 2, 2009

- 4 -                 Joint Pretrial Conference Statement
Case No. 2:17-CV-01605-KJM-EFB

1   and the registration issued on January 18, 2011.  The registration lists a first use in commerce date

2   of January 2004.  The registration has achieved incontestable status.

3
4       17.     Monster is the owner of U.S. Trademark Registration 3,914,828 for the mark

5
6   in connection with "sports helmets" in International Class 9.  The application for this

7   registration was filed on April 2, 2009 and the registration issued on February 1, 2011.  The

8   registration lists a first use in commerce date of January 2006.  The registration has achieved

9   incontestable status.

10      18.     Monster is the owner of U.S. Trademark Registration 3,923,683 for the mark

11
12
13  in connection with "all purpose sport bags; All-purpose carrying bags; Backpacks; Duffle

14  bags" in International Class 18.  The application for this registration was filed on April 2, 2009

15  and the registration issued on February 22, 2011.  The registration lists a first use in commerce

16  date of May 2004.

17      19.     Monster is the owner of U.S. Trademark Registration No. 2,769,364 for the

18  UNLEASH THE BEAST! mark in connection with "fruit juice drinks, soft drinks, carbonated

19  soft drinks and soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs"

20  in International Class 32.  The application for this registration was filed on December 18, 2002

21  and the registration issued on September 30, 2003.  The registration lists a first use in commerce

22  date of April 16, 2002.  The registration has achieved incontestable status.

23      20.     Monster is the owner of U.S. Trademark Registration No. 4,975,822 for the

24  UNLEASH THE BEAST! mark in connection with "clothing, namely, tops, shirts, long-sleeved

25  shirts, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, socks,

26  sweat bands and gloves; headgear, namely, hats and beanies" in International Class 25.  The

27  application for this registration was filed on March 7, 2017 and the registration issued on June 14,

28

1    2016.  The registration lists a first use in commerce date of 2002.

2         21.    Monster is the owner of U.S. Trademark Registration No. 4,394,044 for the

3    UNLEASH THE NITRO BEAST! mark in connection with "non-alcoholic beverages, namely,

4    carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins,

5    amino acids and/or herbs; carbonated energy or sports drinks" in International Class 32.  The

6    application for this registration was filed on December 14, 2010 and the registration issued on

7    August 27, 2013.  The registration lists a first use in commerce date of July 8, 2009.

8         22.    Monster is the owner of U.S. Trademark Registration No. 4,336,329 for the

9    REHAB THE BEAST! mark in connection with "ready to drink tea, iced tea and tea based

10   beverages; ready to drink flavored tea, iced tea and tea based beverages" in International Class 30

11   and "non-alcoholic beverages, namely, energy drinks, sports drinks and fruit juice drinks; all the

12   foregoing enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs" in

13   International Class 32.  The application for this registration was filed on November 3, 2010 and

14   the registration issued on May 14, 2013.  The registration lists a first use in commerce date of

15   March 2, 2011.

16        23.    Monster is the owner of U.S. Trademark Registration No. 4,292,502 for the

17   REHAB THE BEAST! WWW.MONSTERENERGY.COM mark in connection with "ready to

18   drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based

19   beverages" in International Class 30 and "non-alcoholic beverages, namely, energy drinks, sports

20   drinks and fruit juice drinks; all the foregoing enhanced with vitamins, minerals, nutrients,

21   proteins, amino acids and/or herbs" in International Class 32.  The application for this registration

22   was filed on February 15, 2012 and the registration issued on February 19, 2013.  The registration

23   lists a first use in commerce date of March 2, 2011.

24        24.    Monster is the owner of U.S. Trademark Registration No. 4,371,544 for the

25   UNLEASH THE ULTRA BEAST! mark in connection with "non-alcoholic beverages, namely,

26   carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins,

27   amino acids and/or herbs; carbonated energy drinks and sports drinks" in International Class 32.

28

The application for this registration was filed on November 19, 2012 and the registration issued on July 23, 2013.  The registration lists a first use in commerce date of August 30, 2012.

25. Monster is the owner of U.S. Trademark Registration No. 4,482,659 for the PUMP UP THE BEAST! mark in connection with "nutritional supplements in liquid form; vitamin fortified beverages" in International Class 5.  The application for this registration was filed on May 15, 2013 and the registration issued on February 11, 2014.  The registration lists a first use in commerce date of March 18, 2013.

26. Monster is the owner of U.S. Trademark Registration No. 4,482,660 for the PUMP UP THE BEAST! mark in connection with "dairy-based beverages; dairy-based energy shakes" in International Class 29.  The application for this registration was filed on May 15, 2013 and the registration issued on February 11, 2014.  The registration lists a first use in commerce date of March 18, 2013.

27. Monster is the owner of U.S. Trademark Registration No. 4,542,107 for the PUMP UP THE BEAST! mark in connection with "ready to drink coffee-based beverages; coffee-based shakes for boosting energy; chocolate-based shakes for boosting energy; ready to drink chocolate-based beverages" in International Class 30.  The application for this registration was filed on May 15, 2013 and the registration issued on June 3, 2014.  The registration lists a first use in commerce date of March 18, 2013.

28. Monster is the owner of U.S. Trademark Registration No. 4,546,402 for the PUMP UP THE BEAST! mark in connection with "non-alcoholic beverages, namely, non-alcoholic and non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks" in International Class 32.  The application for this registration was filed on May 15, 2013 and the registration issued on June 10, 2014.  The registration lists a first use in commerce date of March 18, 2013.

29. All beverages in the MONSTER line of drinks display the Claw Icon on the product container and the majority also display at least one BEAST-containing mark on the product container such as, but not limited to, UNLEASH THE BEAST!®, UNLEASH THE

1   NITRO BEAST!®, REHAB THE BEAST!®, UNLEASH THE ULTRA BEAST!®, and PUMP

2   UP THE BEAST!®.

3         30.    In July 2009, Monster launched its Monster Energy Extra Strength Nitrous

4   Technology® line of energy drinks which, since that time, has continuously displayed both the

5   Claw Icon and UNLEASH THE NITRO BEAST!® marks on the product containers.

6         31.    In March 2011, Monster launched its MONSTER REHAB® line of energy drinks

7   which, since that time, has continuously displayed both the Claw Icon and the REHAB THE

8   BEAST!® and REHAB THE BEAST! WWW.MONSTERENERGY.COM® marks on the

9   product containers.

10         32.    In August 2012, Monster launched its Monster Energy Ultra® line of energy drinks

11   which, since that time, has continuously displayed both the Claw Icon and the UNLEASH THE

12   ULTRA BEAST!® mark on the product containers.

13         33.    In March 2013, Monster launched its Muscle Monster® line of drinks which, since

14   that time, has continuously displayed both the Claw Icon and the PUMP UP THE BEAST!® mark

15   on the product containers.

16         34.    Between 2002 to 2013, inclusive, Monster spent approximately $2.2 billion on

17   advertising and promoting its MONSTER line of drinks.

18         35.    Monster's Claw Icon and BEAST-containing marks have appeared in connection

19   with Monster's sponsorship of athletes, teams, and athletic events, including in connection with

20   motorsports.

21         36.    Between 2002 and August 2017, Monster sold more than 12 billion beverages that

22   displayed both the Claw Icon and a BEAST-containing mark on the product container.

23         37.    Between 2002 to 2013, inclusive, Monster sold more than 6.8 billion cans of

24   beverages that displayed both the Claw Icon and a BEAST-containing mark on the product

25   container.

26         38.    Between 2002 to 2013, inclusive, Monster sold more than $10 billion worth of

27   cans of its MONSTER line of beverages, all of which displayed the Claw Icon on the product

28

1   container.

2        39.    Monster's sales in 2013 of the entire MONSTER line of beverages exceeded $1.98

3   billion.

4        40.    BeastUp is a single-owner limited liability company founded in 2009 by individual

5   Robert Waelty.

6        41.    BeastUp is organized and existing under the laws of the State of California, and

7   has a principal place of business at 1235 Jefferson Street, Red Bluff, California 96080.

8        42.    BeastUp is the owner of U.S. Trademark Registration No. U.S. Trademark

9   Registration No. 4584629 for the mark BEASTUP in connection with "Sports drinks; namely,

10  energy drinks" in International Class 32.  The application for this registration was filed on October

11  5, 2009 and the registration issued on August 12, 2014.  The registration lists a first use in

12  commerce date of May 2014.

13      **4.**    **Disputed Factual Issues**

14      Monster's Disputed Factual Issues

15      In the Court's Order dated August 13, 2019 (Dkt. No. 49) granting in part and denying in

16  part Monster's Motion for Summary Judgment, the Court found the following to be disputed

17  factual issues:

18      • The similarity of Monster's BEAST-inclusive marks and the BEASTUP mark and of

19        Monster's Claw Icon mark and BeastUp's claw marks.

20      • The fame of Monster's Claw Icon mark (as related to Monster's claim for dilution).

21      BeastUp's Disputed Factual Issues

22      • Whether Monster's BEAST-inclusive marks are strong marks entitled to a wide scope

23        of protection.

24      • Whether Monster's exclusive rights over its BEAST-inclusive marks extend to

25        BeastUp's use of the BEASTUP mark.

26      • Whether a reasonably prudent consumer in the marketplace is likely to be confused as

27        to the origin or source of the goods or services bearing one of the marks or names at

28

issue in this case.

- Whether the Parties' Marks are confusingly similar in sight.

- Whether the Parties' Marks are confusingly similar in sound.

- Whether the Parties' Marks are confusingly similar in meaning.

- Whether the Plaintiff has suffered harm as a result of Defendants' use of its Mark.

- Whether Plaintiff is entitled to cancellation of Defendants' trademark and to enjoin Defendants' use of its BeastUp mark.

- BeastUp is the owner of U.S. Trademark Registration No. 3838489 for the mark BEASTUP in connection with "Hats, shirts" in International Class 25.  The application for this registration was filed on September 25, 2008 and the registration issued on August 24, 2010.  The registration lists a first use in commerce date of April 01, 2009.  The registration has achieved incontestable status.

- BeastUp's total gross sales from 2009-2017 for all goods sold, including both Class 25 and Class 32 products, were approximately $74,788.

- BeastUp is not currently profitable, and has ceased new production pending this lawsuit.

- BeastUp has removed all scratch mark designs from its original can design in response to Plaintiff's Complaint and is currently undertaking additional changes to its brand, including packaging, color palette, ingredients, and market positioning.

**5.     Disputed Evidentiary Issues**

Monster believes that the following evidentiary issues should be resolved by motions in limine:

- BeastUp should be precluded from offering evidence or argument that Monster is a "trademark bully" or from making other derogatory, disparaging, and/or pejorative references to Monster, including offering the evidence BeastUp produced at "MEC BULLYING 0001–0155" or evidence which uses the Bates labelling prefix "MEC BULLYING."

- BeastUp should be precluded from offering evidence or argument that energy drinks in general, or Monster Energy drinks in particular, cause harm to consumers.

- BeastUp should be precluded from offering evidence or argument of alleged third-party uses of trademarks in an attempt to show that Monster's trademarks are weak because BeastUp cannot show the extent of any third-party use.

- BeastUp should be precluded from arguing that BeastUp has priority of use with respect to BeastUp's BEASTUP mark or claw marks over Monster's asserted marks in connection with beverages.

BeastUp believes that the following evidentiary issues should be resolved by motions in limine:

- Monster Energy should be precluded from offering evidence of or arguments relating to its Claw Icon, as BeastUp has testified to and is prepared to stipulate in writing that , in an attempt to resolve this dispute, it has already ceased use of the "scratch marks" complained of in the Complaint, and has redesigned its packaging to remove all such marks.

- The scope of Monster Energy's sought injunction should be limited or mooted entirely based on voluntarily changes BeastUp is currently in the process of making as to: the size, shape, and materials of its packaging; its color palette; its logo design; its ingredients; and its marketing.

**6.      Special Factual Information in Certain Actions**

Not applicable.

**7.      Relief Sought**

Monster seeks the injunctive relief set forth in its Complaint.  Monster hereby withdraws all demands in its Complaint for monetary damages or any other monetary relief (including attorneys' fees), and only seeks equitable relief.  BeastUp has alleged no counterclaims requesting relief.

1

**8.      Points of Law**

2

Monster plans to pursue the following claims against BeastUp:

3

**Claim I:**  BeastUp has violated 15 U.S.C. § 1125(a) by infringing Monster's trademarks

4

and similarly engaging in false designation of origin.

5

**Claim II:**  BeastUp has violated 15 U.S.C. § 1114 by infringing Monster's registered

6

trademarks.

7

**Claim III:**  BeastUp has violated 15 U.S.C. § 1125(c) by diluting the distinctive quality

8

of Monster's famous Claw Icon mark.

9

**Claim IV:**  Monster requests that the Court cancel BeastUp's U.S. Trademark Registration

10

No. 4,584,629 for the BEASTUP mark in Class 32 for "sports drinks, namely, energy drinks."

11

**Claim V:**  BeastUp has violated Cal. Bus. Prof. Code §§ 17200, *et seq.* by committing

12

acts of unfair competition.

13

**Claim VI:**  BeastUp has committed acts of unfair competition in violation of California

14

common law.

15

The elements required to establish Monster's claims are:

16

**Claim 1: Elements of Trademark Infringement and False Designation of Origin under 15**

17

**U.S.C. § 1125(a)**

18

For Monster's trademark infringement and false designation of origin claims under 15

19

U.S.C. § 1125(a), Monster must prove that:

20

1.      Monster's Claw Icon mark[1] and BEAST-inclusive marks[2] are valid and protectable

21

trademarks;

22

23

[1]      The Claw Icon mark includes each of Monster's registered marks that consist of

24

or include the Claw Icon (i.e. �em®, �em®, and �em®), and Monster's common law rights in
those marks.

25

26

[2]      The BEAST-inclusive marks include each of Monster's registered marks that
include the word BEAST as part of the mark (i.e. UNLEASH THE BEAST!®, UNLEASH THE

27

NITRO      BEAST!®,      REHAB      THE      BEAST!®,      REHAB      THE      BEAST!
WWW.MONSTERENERGY.COM®, UNLEASH THE ULTRA BEAST!®, and PUMP UP

28

1    2.    Monster owns the Claw Icon mark and BEAST-inclusive marks; and

2    3.    BeastUp is using marks similar to Monster's Claw Icon mark and BEAST-

3    inclusive marks in a manner that is likely to cause confusion among ordinary consumers, or the

4    relevant public, as to the source, sponsorship, affiliation, or approval of the parties' goods.

5    *See* Ninth Circuit Model Civil Jury Instructions § 15.6 (2017 Edition).

6    Eight factors govern whether a likelihood of consumer confusion exists for trademark

7    infringement claims: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the

8    marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the

9    degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark;

10   and (8) likelihood of expansion of the product lines.

11   *See* Ninth Circuit Model Civil Jury Instructions § 15.18 (2017 Edition).

12   **Claim 2: Elements of Trademark Infringement under 15 U.S.C. § 1114**

13   For Monster's trademark infringement claims under 15 U.S.C. § 1114, Monster must

14   prove that:

15   1.    Monster's asserted registrations for its Claw Icon mark and BEAST-inclusive

16   marks (collectively, "the Asserted Registrations") are valid and protectable;

17   2.    Monster owns the Asserted Registrations; and

18   3.    BeastUp used the accused marks, which are similar to Monster's Asserted

19   Registrations without the consent of Monster in a manner that is likely to cause confusion among

20   ordinary purchasers, and the relevant public, as to the source, sponsorship, affiliation, or approval

21   of the parties' goods.

22   *See* Ninth Circuit Model Civil Jury Instructions § 15.6 (2017 Edition).

23

24

25

26

27

THE BEAST!®), and Monster's common law rights in those marks.

28

1    **Claim 3: Elements of Dilution Under 15 U.S.C. § 1125(c)**

2            For Monster's trademark dilution claim under 15 U.S.C. 1125(c), Monster must prove

3    that:

4            1.        The Claw Icon mark is famous and distinctive;

5            2.        BeastUp is making use of the mark in commerce; and

6            3.        BeastUp's use began after the Claw Icon mark became famous; and

7            4.        BeastUp's use of the mark is likely to cause dilution.

8    *See Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1168 (9th Cir. 2011).

9    The marks used by BeastUp need not be identical or nearly identical to Monster's Claw Icon

10   mark, but Monster must show, based on the factors in 15 U.S.C. § 1125(c)(2)(B), that BeastUp's

11   marks are likely to impair the distinctiveness of Monster's Claw Icon mark.  *Id.* at 1172.

12   **Claim 4: Elements of Cancellation Under 15 U.S.C. § 1119**

13           For Monster's claim for cancellation of BeastUp's U.S. Trademark Registration No.

14   4,584,629 for the BEASTUP mark under 15 U.S.C. 1125(c), Monster must prove that:

15           1.    There is a valid ground why the trademark should not be registered; and

16           2.    Monster has standing to seek cancellation of the registration.

17   *See Synoptek, LLC v. Synaptek Corp.*, 309 F. Supp. 3d 825, 834 (C.D. Cal. 2018); 15 U.S.C.

18   § 1119.  Monster may prove a valid ground why the BEASTUP mark should not be registered by

19   showing that the BEASTUP mark creates a likelihood of confusion with Monster's BEAST-

20   inclusive marks.  *Synoptek*, 309 F. Supp. 3d at 834 (citing 15 U.S.C. § 1052(d)).  In assessing

21   likelihood of confusion, the Court must view the marks "in their entirety and as they appear in the

22   marketplace."  *Id.* at 836 (citing *GoTo.com,* 202 F.3d at 1206).

23   **Claim 5: Elements of California Statutory Unfair Competition**

24           For Monster's statutory unfair competition claim under Cal. Bus. & Prof. Code § 17200

25   *et seq.*, Monster must prove that BeastUp has engaged in an unlawful, unfair or fraudulent

26   business act or practice, and/or any unfair, deceptive, untrue or misleading advertising.  *See* Cal.

27   Bus. & Prof. Code § 17200; *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th

28

                                        - 14 -          Joint Pretrial Conference Statement
                                                        Case No. 2:17-CV-01605-KJM-EFB

1   Cir. 1988) (citing to *New West Corp. v. NYM Co. of California*, 595 F.2d 1194, 1202 (9th Cir.

2   1979)) ("[t]he 'ultimate test' for unfair competition is exactly the same as for trademark

3   infringement: 'whether the public is likely to be deceived or confused by the similarity of the

4   marks.'").

5   **Claim 6: Elements of California Common Law Unfair Competition**

6        For Monster's common law claim of unfair competition under California law, Monster

7   must prove the same elements as listed in Claim 1 for trademark infringement.  *Kythera*

8   *Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897–98 (C.D. Cal. 2014) (quoting

9   *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994)) (noting that the Ninth Circuit has

10   consistently held that state common law unfair competition claims are "substantially congruent"

11   to Lanham Act claims).

12        **9.**    **Abandoned Issues**

13        Monster hereby withdraws all demands in its Complaint for monetary damages or any

14   other monetary relief (including attorneys' fees), and only seeks equitable relief.

15        **10.**    **Witnesses**

16        Monster identifies the following list of prospective witnesses:

17       **1.  Rodney Sacks**
       Monster Energy Company

18          1 Monster Way
       Corona, CA 92879

19

20       **2.  Dr. Itamar Simonson (marketing and survey expert)**
       1561 Newlands Ave.

21          Burlingame, CA 94010

22       **3.  Robert L Klein (marketing and survey expert)**
       Applied Marketing Science, Inc.

23          303 Wyman Street, Suite 205
       Waltham, MA 02451

24

25       **4.  Robert Waelty (live or by deposition)**
       20790 Live Oak Road

26          Red Bluff, CA 96080

27       **5.  Jessee Waelty (live or by deposition)**
       20790 Live Oak Road

28          Red Bluff, CA 96080

6. **Lance Goble (live or by deposition)**
   Foothill Distributing
   1530 Beltline Road
   Redding, CA 96003

BeastUp identifies the following list of prospective witnesses:

1. **Robert Waelty**
   20790 Live Oak Road
   Red Bluff, CA 96080

2. **Jessee Waelty**
   20790 Live Oak Road
   Red Bluff, CA 96080

3. **Rodney Sacks**
   Monster Energy Company
   1 Monster Way
   Corona, CA 92879

## 11.  Exhibits – Schedules and Summaries

Monster's Exhibit List is attached as Exhibit 1 hereto.  BeastUp's Exhibit List is attached as Exhibit 2 hereto.

## 12.  Discovery Documents

Monster's designations of portions of depositions, answers to interrogatories, and responses to requests for admission that it expects to offer at trial are attached as Exhibit 3 hereto.

BeastUp does not intend to offer deposition excerpts or discovery responses at trial.

## 13.  Further Discovery or Motions

None.

## 14.  Stipulations

None.

## 15.  Amendments – Dismissals

Monster hereby withdraws all demands in its Complaint for monetary relief.

## 16.  Settlement Negotiations

The parties conducted a settlement conference on October 9, 2019 before Judge Carolyn K. Delaney. At this time, the Parties have not reached a settlement.

**17.**   **Agreed Statements**

The plaintiff in this case is Monster Energy Company.  The defendant is BeastUp LLC. The nature of the case is a trademark case.  Plaintiff is claiming legal rights in trademarks, such as the mark "Unleash the Beast!" and other marks containing the term BEAST, and Monster's "Claw Icon" trademark.  The plaintiff claims that the defendant violated the plaintiff's rights in its trademarks.  More specifically, the plaintiff claims that the defendant is selling or has sold energy drinks in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship or affiliation of these products.  The defendant denies the plaintiff's claims.

**18.**   **Separate Trial of Issues**

The parties do not believe that a separate trial of any of the issues is feasible or advisable.

**19.**   **Impartial Experts – Limitation of Experts**

The parties do not believe that appointment by the Court of impartial expert witnesses or limitation on the number of expert witnesses is necessary.

**20.**   **Attorneys' Fees**

Monster hereby withdraws all demands in its Complaint for monetary damages or any other monetary relief (including attorneys' fees).

**21.**   **Trial Exhibits**

No special handling of trial exhibits is necessary.  Court retention of exhibits pending appeal is advisable.

**22.**   **Trial Protective Order**

A trial protective order is not necessary.

**23.**   **Miscellaneous**

None.

1

2
Respectfully submitted,

3
KNOBBE, MARTENS, OLSON & BEAR, LLP

4

5
Dated:    November 1, 2019          By: /s/ Matthew S. Bellinger
Steven J. Nataupsky
Lynda J. Zadra-Symes
6
Matthew S. Bellinger
Marko R. Zoretic
7
Jason A. Champion

8
Attorneys for Plaintiff
MONSTER ENERGY COMPANY
9

10

11
BARTON GILMAN LLP

12

13
Dated:    November 1, 2019          By: /s/ Eve J. Brown
(with permission Matthew S. Bellinger)
14
Eve J. Brown

15
Attorney for Defendant
16
BEASTUP LLC

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2019, I caused the **JOINT PRETRIAL CONFERENCE STATEMENT** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

Eve J. Brown
BARTON GILMAN LLP
One Financial Plaza, 18th Floor
Providence, RI  02903
(401) 273-7171
ebrown@bglaw.com


                                                    /s/ Matthew S. Bellinger
                                                    Matthew S. Bellinger

31561549

Joint Pretrial Conference Statement
                                          Case No. 2:17-CV-01605-KJM-EFB